381 A.2d 963

NATIONAL BUILDING LEASING, INC., Appellant,

v.

M. Elvin BYLER, J. Robert Hess, Raymond H. Denlinger, J. Harold Esbenshade, Glenn H. Weaver, and Harold G. King, Partners, trading and doing business as Old Sycamore Associates.

Superior Court of Pennsylvania.

Argued Dec. 7, 1976.

Decided Dec. 28, 1977.

R. A. Umbenhauer, Lancaster, with him John P. Hohenadel, Lancaster, for appellant.

John W. Burge, Lancaster, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

PRICE, Judge:

The lower court disposed of this case by sustaining appellees' preliminary objections in the nature of a demurrer to appellant's complaint. For purposes of appellate review, we must regard the allegations in appellant's complaint as true and accord them all the inferences reasonably deducible therefrom. *Allstate Insurance Co. v. Fioravanti*, 451 Pa. 108, 299 A.2d 585 (1973); *Stringert & Bowers, Inc. v. On-Line Systems, Inc.*, 236 Pa.Super. 196, 345 A.2d 194 (1975).

On March 11, 1974, appellees entered into a written contract to sell certain realty to appellant. Prior to appellant's inspection of the premises and the execution of the contract, appellees demolished a number of buildings on the property. The debris from the buildings and other waste materials were deposited in a large hole located on the realty. Thereafter, the hole was filled with soil and covered with vegetation.

Although knowing that appellant intended to construct a trucking terminal on the premises, appellees intentionally and fraudulently concealed the existence of the debris-filled hole from appellant. Furthermore, appellees intentionally and fraudulently represented to appellant that the debris

from the demolished buildings had been removed from the premises.

In order to complete the construction of the trucking terminal, appellant was required to excavate the hole completely and to remove all of the debris. Appellant's complaint requested the cost of this undertaking, $29,194.41, in damages.

The written contract between the parties contained, *inter alia*, the following provision:

"It is understood that Buyer has inspected the property or hereby waives the right to do so and he has agreed to purchase it as a result of such inspection and not because of or in reliance upon any representation made by the Seller, or by the agent of the Seller or any of the latter's salesmen and employees, . . . and that he has agreed to purchase it in its present condition unless otherwise specified herein. It is further understood that this agreement contains the whole agreement between the Seller and the Buyer and there are no other terms, obligations, covenants, representations, statements or conditions, oral or otherwise of any kind whatsoever concerning this sale. Furthermore, this agreement shall not be altered, amended, changed or modified except in writing executed by the parties hereto."

The lower court, relying on *Bardwell v. Willis Co.*, 375 Pa. 503, 100 A.2d 102 (1953), sustained appellee's preliminary objections because the contract stated that appellant had inspected the premises, and any contrary assertion was prohibited by the parol evidence rule. In addition, appellant had failed to include in his complaint an allegation that the representations omitted from the contract were omitted due to fraud.

■ The depths of the parol evidence rule have been plumbed by many but fathomed by few. When two contracting parties embody their agreement in a written document, intending the written document to be the sole, com-

plete, and final repository of the terms of their agreement, the contract is said to be completely integrated. Under those circumstances, averments of additional terms which would modify or contradict the written terms will not be given effect.

It is well settled, however, that evidence that one of the parties was induced to enter the contract through fraud or misrepresentation is not barred by the parol evidence rule. *Berger v. Pittsburgh Auto Equipment Co.*, 387 Pa. 61, 127 A.2d 334 (1956); *Greenwood v. Kadoich*, 239 Pa.Super. 372, 357 A.2d 604 (1976). "If the bargain between the parties is illegal or induced by fraud or duress, or if there is no validation device, evidence of these and other invalidating causes is admissible with no concern for the parol evidence rule." *J. Murray, Murray on Contracts* 237 (1974). Where the plaintiff can prove fraud by "clear, precise, and indubitable" evidence, he is entitled to rescind the contract or to affirm the contract and sue for damages. *Nadolny v. Scoratow*, 412 Pa. 488, 195 A.2d 87 (1963); *Highmont Music Corp. v. J. M. Hoffman Co.*, 397 Pa. 345, 155 A.2d 363 (1959).

In *Berger v. Pittsburgh Auto Equipment Co., supra,* the plaintiff-lessor knew that the defendant-lessee intended to use the leased premises in his business of selling automobile parts. The plaintiff misrepresented to the defendant that the floor of the structure was sufficiently strong to support the weight of the defendant's merchandise. When the floor collapsed, the defendant vacated the premises, and the plaintiff confessed judgment against the defendant for the remaining amount due on the lease.

In opposition to the defendant's petition to open the judgment, the plaintiff contended that evidence of the plaintiff's misrepresentations was barred by the parol evidence rule, and that, in any event, the lease stipulated that the defendant had inspected and accepted the premises. The supreme court rejected both arguments. The parol evidence

rule was held not to bar evidence of misrepresentations which induced the defendant to enter into the lease. The clause in the lease reciting that the defendant had inspected the premises was held to bind the defendant only with respect to conditions which were reasonably ascertainable. In *Highmont Music Corp. v. J. M. Hoffman Co., supra*, the court reached the same result on substantially similar facts.

*Bardwell v. Willis Co., supra*, is a troublesome case. There, the defendants leased property to the plaintiffs, misrepresenting the property to be suitable for the plaintiffs' intended bottling business. When the plaintiffs discovered that the property was unsuitable for their needs, they sued the defendant for damages. The supreme court held that "[f]raudulent misrepresentations may be proved to modify or avoid a written contract if it is averred and proved that *they were omitted* from the (complete) written contract by fraud, accident or mistake." 375 Pa. at 507, 100 A.2d at 104.

The peculiar formulation of the parol evidence rule in *Bardwell* can be made consistent with the more traditional statement if the rule in *Bardwell* is interpreted to apply only to situations where one of the parties alleges not that the contract was induced by fraud or misrepresentation, but that there were additional terms which were omitted from the contract. Thus, the more traditional statement of the rule would apply to cases where it is alleged that the entire contract was predicated on fraud or misrepresentation.

The difficulty with adopting this rationale is that the facts of *Bardwell* are not materially distinguishable from those of *Berger* and *Highmont Music Corp.*, yet the court reached conflicting results. Justice Bell, who authored *Bardwell*, vigorously dissented in *Berger* and dissented without opinion in *Highmont Music Corp. Bardwell* was completely ignored by the majority in both of the latter decisions. Furthermore, in the recent case of *Rempel v. Nationwide Insurance Co.*, 471 Pa. 404, 370 A.2d 366 (1977), *Bardwell* is cited to

support the traditional statement of the rule, precluding a conclusion that *Bardwell* has been overruled *sub silentio.* However, based on *Rempel, Highmont Music Corp.* and *Berger*, appellees' assertion that *Bardwell* bars evidence that a contract was induced by fraud cannot be accepted.

■ Appellees also contend that they had no duty to reveal any defects on the property, and appellant had no right to rely on any representations made by them. However, active concealment of defects known to be material to the purchaser is legally equivalent to affirmative misrepresentation. *Clement Martin, Inc. v. Gussey*, 191 Pa.Super. 464, 157 A.2d 412 (1959); *Restatement (Second) Contracts* § 302 (Tent. Draft No. 12, 1977); *cf. Restatement (Second) Torts* § 550 (1977).

■ It is true that in order to be entitled to relief due to fraud, appellant must prove that he justifiably relied on appellees' misrepresentations. *Berger v. Pittsburgh Auto Equipment Co., supra.* The lower court made no finding of fact on this issue, and we will not invade the province of the factfinder. In this context, it is worthwhile to note again that the recitation in the contract that appellant relied on his own inspection is applicable only to conditions which were reasonably ascertainable.

■ In this case, appellant's complaint alleged that prior to entering into a contract for the sale of land, appellees fraudulently concealed the existence of a condition on the premises, knowing that the condition made the property unsuitable for appellant's intended use. If appellant can prove that allegation, he is entitled to relief. Therefore, the lower court erred in sustaining appellees' preliminary objections.

The order of the lower court is reversed and the case is remanded for proceedings consistent with this opinion.

CERCONE, J., concurs in the result.