611 A.2d 1232

Ronald W. SEVIN and Joyce M. Sevin, his Wife, Appellants,

v.

Terence KELSHAW and Hazel Kelshaw, his Wife, Municipal Authority of the Borough of Edgeworth, Howard Hanna Company Realtors, Howard Hanna Financial, Howard Hanna Real Estate Service, Merrill Lynch Realty and Prudential Preferred Realty.

Superior Court of Pennsylvania.

Argued April 22, 1992.

Filed June 23, 1992.

1

2

4

Timothy E. Finnerty, Pittsburgh, for appellant.

John H. Morgan, Pittsburgh, for Kelshaw, appellee.

Anthony G. Sanchez, Pittsburgh, for Howard Hanna, appellee.

Before KELLY, FORD ELLIOTT and CERCONE, JJ.

CERCONE, Judge.

This is an appeal from the order of the Court of Common Pleas of Allegheny County dated August 13, 1991, which granted preliminary objections in the nature of a demurrer in favor of appellees and dismissed appellants' complaint. We affirm.

The pertinent facts as alleged in the complaint are as follows: appellants, Ronald and Joyce Sevin, purchased real property in Sewickley, Pennsylvania from appellees, Terence and Hazel Kelshaw on September 2, 1989. Appellees Merrill Lynch Realty and Prudential Preferred Realty were the listing brokers for the property. Appellee Howard Hanna Real Estate Service was the selling broker for the Kelshaws. Appellants allege that prior to the transfer of property, the Kelshaws entered into an agreement with the Municipal Authority of the Borough of Edgeworth[1] to establish an easement over the Kelshaw property for purposes of extending the municipal water line through the subject property. This easement was never recorded. Appellants further contend that when they made the decision to purchase the property, none of the appellees informed them of the easement, which contained pipes below the surface and a blow-off valve onto the property where appellants contend they wished to build an addition.

Appellants filed their complaint on April 25, 1991. The complaint included one count each of fraudulent and negligent misrepresentation against each party. Each of the appellees filed preliminary objections to the complaint, which the trial judge granted without prejudice on July 3, 1991. Appellants filed an amended complaint on July 22, 1991 which modified, in pertinent part, two paragraphs from the original complaint and added one count of breach of contract against the sellers. Preliminary objections were again filed. The trial judge granted preliminary objections

---

1. Appellants named the Municipal Authority of the Borough of Edgeworth as a defendant in the lower court action. The lower court entered an order on August 9, 1991 which granted leave to discontinue the action against the Municipal Authority with prejudice. As a result, the municipal authority is not a party to the present appeal.

6

on August 14, 1991 and dismissed the complaint with prejudice. This timely appeal followed.

As a preliminary matter, appellees, Howard Hanna, Prudential Preferred Realty and Merrill Lynch Realty contend that this appeal should be quashed on the grounds that appellants' brief and reproduced record violate a variety of Rules of Appellate Procedure.[2] Although we agree with appellees that the quality of appellants' brief is disgraceful and should not be condoned by this court, we find that our review of the issues raised has not been substantially hampered by the defects. Our review of the issues presented in this case simply requires us to analyze the complaint. If our review were more extensive and caused us to filter through voluminous records, we would be more inclined to quash the appeal. Presently, however, we will review the merits of the appeal.

Appellants contend that the trial judge erred in granting preliminary objections as their complaint sufficiently stated causes of action against the appellees. The Honorable R. Stanton Wettick, Jr. of the Court of Common Pleas of Allegheny County held that by law appellants could not be damaged by an unrecorded easement of which they had no notice. He found that under 21 P.S. § 351, unrecorded interests in land are invalid as to subsequent bona fide purchasers. He further held that any damages caused by relocation of the water line were unsupportable because appellants never alleged that they attempted to ascertain the location of this material information. While we agree with Judge Wettick's conclusions of law, we are compelled

2. Specifically, the brokers proffer the following violations: failing to include a proper statement of questions with the lower court's disposition of the questions raised on review, Pa.R.A.P. Rule 2116, 42 Pa. C.S.A.; failure to state the location of facts in the record, *id.* Rule 2117; inclusion of a summary of argument which exceeds two pages, *id.* Rule 2118; failure to include citations to the record, *id.* Rule 2119(c); failure to number pages in the reproduced record, *id.* Rule 2173; failure to include a table of contents to the reproduced record, *id.* Rule 2174, and failure to separate the brief and the reproduced record, *id.* Rule 2171(b).

to elaborate on the pertinent law regarding actionable misrepresentations.

■■■■■ Our standard of review in an appeal from an order sustaining preliminary objections in the nature of a demurrer is the same as that which the trial court employs: all material facts set forth in the complaint, as well as all inferences reasonably deducible therefrom, are admitted as true for purposes of review. *Eckell v. Wilson,* 409 Pa.Super. 132, 135, 597 A.2d 696, 698 (1991). However, we cannot accept as true conclusions of law. *Id.* The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. *Id.* A demurrer should be sustained only in cases where the plaintiff has clearly failed to state a claim on which relief may be granted. *Id.* A demurrer should not be sustained if there is any doubt as to whether the complaint adequately states a claim for relief under any theory. *Id.*

■■■■■ Pennsylvania is a fact-pleading jurisdiction. *Alpha Tau Omega Fraternity v. University of Pennsylvania,* 318 Pa.Super. 293, 298, 464 A.2d 1349, 1352 (1983); Pa.R.Civ.P. Rule 1019, 42 Pa.C.S.A. A complaint must therefore not only give the defendant notice of what the plaintiffs' claim is and the grounds upon which it rests, but it must also formulate the issues by summarizing those facts essential to support the claim. *Alpha Tau Omega, supra.* Allegations of fraud require pleading with particularity. Pa.R.Civ.P. Rule 1019(b), 42 Pa.C.S.A. As our Supreme Court has stated:

> While it is impossible to establish precise standards as to the degree of particularity required in a given situation, two conditions must always be met. The pleadings must adequately explain the nature of the claim to the opposing party so as to permit him to prepare a defense and they must be sufficient to convince the court that the averments are not merely subterfuge.

*Bata v. Central–Penn National Bank of Philadelphia,*
423 Pa. 373, 380, 224 A.2d 174, 179 (1966), *cert. denied,* 386
U.S. 1007, 87 S.Ct. 1348, 18 L.Ed.2d 433 (1967).

With our standard of review in mind, we now look at the
specifics of appellants' complaint. Appellants have averred
that they entered into an agreement to purchase property
from appellees, the Kelshaws, located in the Borough of
Sewickley, Pennsylvania. Appellee Howard Hanna was the
Kelshaws' selling agent and appellees Merrill Lynch Realty
and Prudential Preferred Realty were the listing agent for
the Kelshaws. Complaint, paragraph 9. They further al-
lege that prior to the purchase, the Kelshaws entered into,
but failed to record, an agreement with the Municipal
Authority of the Borough of Edgeworth which created an
easement over the property for the extension of the munici-
pal water line through the property. Complaint, paragraph
10. Appellants contend that the easement was under an
area on which the appellants wished to build an addition to
their home. They further allege that the fraudulent and/or
negligent failure of the appellees to make known the exis-
tence of the unrecorded easement caused appellants to
purchase the property at a higher price than they otherwise
would have paid. They contend that they suffered further
financial loss by having to move the water line to another
part of the property. Amended complaint, paragraph 11.
Paragraph 12 of the amended complaint reiterates the same
contentions as in paragraph eleven and adds that Howard
Hanna, as the selling broker, was required to investigate
and disclose to appellants the existence of any relevant
encumbrances on the property.

Appellants contend that all the appellees fraudulently or
negligently failed to record the easement and fraudulently
or negligently failed to apprise them of the existence of the
easement. Lastly, appellants allege a cause of action
against the Kelshaws for breach of contract. They aver
that the agreement warranted that any encumbrances for
utility lines would not adversely affect the use of the
property for residential purposes. Amended Complaint,

paragraph 39. We will consider each of the three claims on appeal separately.

■■■■ Fraud must be averred with particularity by the following elements: 1) a misrepresentation; 2) a fraudulent utterance of it; 3) the maker's intent that the recipient be induced thereby to act; 4) the recipient's justifiable reliance on the misrepresentation; and 5) damage to the recipient proximately caused. *Lokay v. Lehigh Valley Co-op. Farmers, Inc.*, 342 Pa.Super. 89, 96, 492 A.2d 405, 408 (1985) (citations omitted). We have also held that a vendor or his agent may be liable for failure to disclose material information, pursuant to the Restatement (Second) of Torts § 550 (1977). *Roberts v. Estate of Barbagallo*, 366 Pa.Super. 559, 568, 531 A.2d 1125, 1130 (1987). Section 550 states:

> One party to a transaction who by concealment or other action intentionally prevents the other from acquiring material information is subject to the same liability to the other, for pecuniary loss as though he had stated the nonexistence of the matter that the other was thus prevented from discovering.

Restatement (Second) of Torts § 550 (1977). Liability under section 550 is encompassed by the rule that fraud may arise from the making of a knowingly false representation of fact, from an intentional concealment of true facts which is calculated to deceive the other party, or from a nonprivileged failure to disclose facts to the other party. *Roberts, supra.* The concealment must be intentional and it must relate to material information. *Id.* Mere silence in the absence of a duty to speak, however, cannot suffice to prove fraudulent concealment. *Smith v. Renaut,* 387 Pa.Super. 299, 306, 564 A.2d 188, 192 (1989).

■■■■ Appellants proffer two theories in support of their fraud claim—one, that the appellees failed to record the easement, and two, that the appellees failed to apprise them of the existence of the easement. As to the first contention, we agree with the trial court that any fraudulent failure to record the easement could not cause appellants damage. Section 351 of Title 21 of the Pennsylvania Stat-

utes specifically declares all unrecorded easements null and void as to subsequent bona fide purchasers. 21 P.S. § 351. The complaint avers that appellants took possession of the property without notice of the encumbrance. Therefore, as subsequent bona fide purchasers, appellants were not bound by any of the terms of the unrecorded easement and were free to alter their property.

More to the point, however, is appellants' second theory of recovery that appellees fraudulently or negligently failed to disclose the existence and location of the easement. They allege damages emanating from their relocation of the water lines to accommodate their plans for an addition to the house. In order for appellants' cause of action in fraud to be sustained, however, we must ascertain whether the information withheld from them was material to the transaction. A misrepresentation is material if it is of such character that had it not been made, or in the present case, had it been made, the transaction would not have been consummated. *Delahanty v. First Pennsylvania Bank, N.A.*, 318 Pa.Super. 90, 108, 464 A.2d 1243, 1252 (1983).

The question as to whether the existence and location of water lines pursuant to an easement can, of themselves, be actionable as material information has not been addressed by the courts of this Commonwealth. We must therefore consider those cases which have discussed the concept of "material information" in the context of real estate transactions. In *Roberts, supra,* Northwood Realty, the listing broker for a parcel of real property which contained a building with rental units, received information from the U.S. Consumer Products Safety Commission on the ban on future use of ureaformaldehyde foam insulation. The advisory directed the broker to disclose to both buyers and sellers the presence of the insulation as a potential health hazard. Despite the advisory, however, Northwood did not ascertain the type of insulation used in the property.

After closing, the purchaser learned that the residence contained formaldehyde based insulation. The purchaser sought to rescind the deed and subsequently filed suit against the seller and the real estate agent based on the seller's failure to disclose the presence of the insulation. *Roberts*, 366 Pa.Super. at 564, 531 A.2d at 1128. The trial court denied the purchaser's claim for rescission, but granted judgment for damages.

On appeal, a panel of this court discussed the duties a real estate broker acting as an agent for the seller owes to a purchaser. The panel held that any nondisclosure of information must be intentional and must relate to material information. In that case, we found that the realtor, with belief that the insulation ban was material information in the sale of property, had an intentional policy of nondisclosure. *Id.*, 366 Pa.Superior Ct. at 569, 531 A.2d at 1132. Accordingly such concealment was found to be actionable as fraud.

In *Quashnock v. Frost*, 299 Pa.Super. 9, 445 A.2d 121 (1982), we held that a seller has an affirmative duty to disclose a termite infestation of which he has knowledge. *Id.*, 299 Pa.Superior Ct. at 23, 445 A.2d at 125. We reasoned that such a condition was a serious, dangerous and latent defect. *Id.* In *National Building Leasing, Inc. v. Byler*, 252 Pa.Super. 370, 381 A.2d 963 (1977), the sellers of a piece of property demolished a number of buildings on the property and buried the debris in the ground where they knew the purchasers wished to build a trucking terminal. The buyers alleged that this conduct was fraudulent and caused the purchasers to expend money to remove the debris. In that case, we reversed the trial court's order sustaining preliminary objections to the appellant's fraud count. We reasoned that active concealment of defects *known to be material* to the purchaser is legally equivalent to affirmative misrepresentation. *Id.*, 252 Pa.Superior Ct. at 376, 381 A.2d at 966, *citing* Restatement (Second) of Torts § 550 (1977) (emphasis added).

Our line of cases provides meaningful insight to the disposition of the present matter. The location of the water

lines on the property here was not a dangerous condition on the land which the sellers or their agents had a duty to disclose. Furthermore, appellants have not alleged that the water lines were defective, thereby causing physical damage to the property. We note that utility easements are a common and natural implication of property ownership in urban and suburban residential developments. Their existence is expected in all parcels of land where such services are supplied and are duly provided for in the sales contract governing this case. We therefore hold that the existence of these easements and their location were not material parts of this real estate transaction.

Our decision in *Byler* teaches us that a vendor or his agent may be responsible for concealing the existence of an imperfection in the property which is known to be material to the purchaser. Thus, despite the existence of various utility encumbrances, a purchaser of real property may deem their location material because of an intended use personal for the property. In such a case, it is incumbent on the purchaser to make known to the appropriate parties the use he or she intends. In the present case, however, appellants have not alleged in the complaint that they ever informed the appellees of their wish to build an addition on the site where the water easement prevents them from building. Without this missing fact, we are constrained to hold that appellants have not sufficiently alleged a cause of action for fraudulent misrepresentation.[3] Despite appellants' bald allegations of materiality, we have no basis in the certified record for finding that this information was necessary to appellants' decision to purchase the property. We therefore find that the trial court was correct

**3.** We note that appellants allege in their brief to this court that they apprised appellees of their desire to build a garage where the easement was located and were not informed of the existence of the easement there. It is quite clear, however, that an appellate brief may not be used to prove a fact missing from the certified record. *Commonwealth v. Rini,* 285 Pa.Super. 475, 481, 427 A.2d 1385, 1389–90 (1981). The complaint fails to allege that appellees knew of the materiality of the location of the easement. Appellants cannot now use the appellate brief to supply that vital allegation.

in granting preliminary objections to appellants' fraud claim.

■ Appellants have also alleged a claim of negligent misrepresentation under the Restatement (Second) of Torts § 552. That section holds a person liable who, in the course of his business, profession or employment, supplies false information for the guidance of others in their business transactions, if he fails to exercise reasonable care or competence in obtaining or communicating the information. Restatement (Second) of Torts § 552. In the case at hand, no information regarding the existence or location of the municipal authority's easement was given. Nor does the complaint aver that such a request for information was ever made to any of the appellees. Appellants merely maintain that neither the vendors nor the brokers informed them of the easement when they were under a duty to do so. As we have already held that, absent a request for the information, no duty was imposed on the vendor and broker, we hold that appellants have not sufficiently averred facts to trigger application of section 552.

In their final argument, appellants contend that the trial court erred in granting preliminary objections on their breach of contract claim against the Kelshaws. The sales agreement states in pertinent part:

18. **Under and Subject:** Buyer shall take title to the property SUBJECT to the following: ... (c) water, sewer, gas, electric, cable television, and telephone lines or easements therefor of record *or* as presently installed, provided, however, that said lines or easements shall not adversely affect the use of the Property for *residential purposes* ...

See Exhibit A attached to the Complaint (emphasis added).[4] Appellants contend that the existence of the easement ad-

4. Although the complaint also avers that the sales agreement covenants that appellants were to take title in fee simple clear of all liens and encumbrances, appellants fail to include the following additional language in the agreement, "except as hereinafter set forth." This

versely affects the use of property for residential purposes because they are not able to build additions to their home without the inconvenience of moving the water line.

It is well established that in the absence of technical terminology we give the words used in an agreement their plain and ordinary meaning. *Warren v. Greenfield*, 407 Pa.Super. 600, 607, 595 A.2d 1308, 1311 (1991). This issue raises the question of what is to be considered "residential purposes" as used in paragraph 18 of the contract. The Random House College Dictionary provides the following useful definitions:

**residential.** 1. of · or pertaining to residence or residences. 2. adapted or used for residence.

"Residence" is further defined in pertinent part as:

**residence.** 1. the place, especially the house in which a person lives or resides; dwelling place; home.

*Random House College Dictionary,* 1123 (Rev.Ed.1980). Thus, the dictionary definitions of "residential" coupled with "purpose" imply an ability to live on the property. In the context of clause 18 in the sales agreement, we find that "residential purposes" means the ability to live on the subject property without impediments from the utility easements. We do not take appellants' expansive view that the clause means that any loss of enjoyment of the property renders it unfit for residential purposes. Appellants have not alleged that they are unable to live at the subject property. Therefore, we find, under the circumstances of this case, that appellants have failed to sufficiently state a cause of action for breach of contract.

Order affirmed.

language demonstrates that we must look at the entire contract to ascertain whether there has been breach.