**V-Tech Services Inc. v. Murray Motors Co. Inc.**

282

*Stephen Seidel,* for plaintiff.
*Guy Mercogliano,* for defendants.

HERRON, *J.,* October 11, 2001—Defendant Murray Motors Co. Inc. t/a Murray Dodge filed these preliminary objections to the second amended complaint of plaintiff V-Tech Services Inc. For the reasons stated below, the preliminary objections of Murray Dodge are all overruled.

## BACKGROUND

This matter arises as a result of the purchase by V-Tech of four snow removal trucks from Murray Dodge for work to be done under a snow removal contract V-Tech had with Southeastern Pennsylvania Transportation Au-

thority. As part of the sale, V-Tech also alleges that there was a promise of service by Murray Dodge and defendant U.S. Municipal. However, once purchased, there arose complications with the trucks. As a result, V-Tech was unable to complete the snow removal for SEPTA and therefore lost its contract. Furthermore, V-Tech alleges that it suffered additional losses when defendants failed to properly service and repair all the trucks.

On February 13, 2001, V-Tech commenced an action against Murray Dodge. After several preliminary objections and amended complaints, V-Tech filed its second amended complaint on July 16, 2001. V-Tech states claims of breach of contract, fraud, breach of warranty, breach of warranty of fitness, and misrepresentation against Murray Dodge. The second amended complaint also contains a claim of conspiracy against both Murray Dodge and U.S. Municipal. Murray Dodge then timely filed these preliminary objections.

## DISCUSSION

Defendant alleges that the complaint fails to plead facts with sufficient specificity. Pa.R.C.P. 1028(a)(3). The complaint must give the defendant notice of what the plaintiff's claim is and the grounds of the claim, and must summarize the facts essential to support the claim. *Sevin v. Kelsaw,* 417 Pa. Super. 1, 7, 611 A.2d 1232, 1235 (1992). The purpose of these requirements is to permit the defendant to prepare a defense and to convince the court that the averments are not merely subterfuge. *Bata v. Central-Penn National Bank of Philadelphia,* 423 Pa. 373, 380, 224 A.2d 174, 179 (1966); *Sevin,* 417 Pa. Super. at 7, 611 A.2d at 1235. In determining whether these

requirements have been satisfied, the court must examine the complaint in its entirety. *Commonwealth by Zimmerman v. Bell Telephone Co. of Pa.,* 121 Pa. Commw. 642, 649, 551 A.2d 602, 605 (1988). If the complaint fails to meet these requirements the court may sustain a preliminary objection for lack of specificity. Pa.R.C.P. 1028(a)(3). However, in ruling on preliminary objections, this court "must accept as true all well-pleaded material allegations in the complaint, as well as all inferences reasonably deduced therefrom." *Commonwealth ex rel. Corbett v. Desiderio,* 698 A.2d 134, 137 (Pa. Commw. 1997).

### I. *The Court Overrules the Defendant's Preliminary Objections to Count III (Conspiracy)*

Defendant alleges that V-Tech's amended complaint does not contain sufficient facts to demonstrate the existence of all the elements for the claim of conspiracy. To state a cause of action for conspiracy, plaintiffs must allege (1) a combination of two or more persons acting with a common purpose to do an unlawful act by unlawful means or for an unlawful purpose, (2) an overt act done in furtherance of the common purpose, and (3) actual legal damage. *Baker v. Rangos,* 229 Pa. Super. 333, 351, 324 A.2d 498, 506 (1974). Intent is a required element of this cause of action, however, may be averred generally. See *Larsen v. Philadelphia Newspapers Inc.,* 411 Pa. Super. 534, 563, 602 A.2d 324, 339 (1991); Pa.R.C.P. 1019 (b). Therefore, a complaint for conspiracy must either allege facts that are direct evidence of the combination and intent, or circumstantial evidence that,

if proven, will support an inference of the combination and intent. *Baker,* 411 Pa. Super. at 351, 324 A.2d at 506.

In alleging material facts which establish the elements of conspiracy, V-Tech's claim against defendants, taken in its entirety, does not lack specificity. To begin with, V-Tech alleges that it was defendant Murray and U.S. Municipal who agreed to do an unlawful act—namely that they agreed "knowingly, willfully, and with the intent" to defraud V-Tech and obtain secret profits at V-Tech's expense. Second amended complaint ¶30. Moreover, in furtherance of this conspiracy V-Tech alleges that the defendant "sales agent falsely depicted the suitability of the trucks while . . . U.S. Municipal . . . deliberately or gross negligently adapted the trucks with the consent of both parties." *Id.* at ¶33. Finally, as a result of this alleged conspiracy, V-Tech avers that it suffered legal damages in an amount in excess of $50,000. *Id.* at ¶¶14, 23 and 28. Therefore, V-Tech has sufficiently alleged this cause of action of conspiracy for purposes of pleadings. Whether V-Tech can prove that the defendants conspired to injure it will be determined by the evidence presented. For now, however, it is enough that the averments of the entire complaint are sufficient. Therefore the court overrules defendant's preliminary objection to Count III.

## II. *The Court Overrules the Defendant's Preliminary Objections to Count IV (Misrepresentation)*

Defendant, in its preliminary objections, contends that the amended complaint failed to state a cause of action for misrepresentation in that the plaintiff did not allege the exact statements or actions which constituted the

misrepresentations. Furthermore, defendant argues that the plaintiff failed to articulate the specific defects and nonconformities which they allege were present. This court disagrees.

Generally, "[f]raud is a claim easily made but difficult to support. Once an allegation of fraud is injected into a case, even though it may ultimately be shown to be without any arguable merit, the whole tone and tenor of the matter changes." *New York State Electric & Gas Corp. v. Westinghouse Elec. Corp.,* 387 Pa. Super 537, 553, 564 A.2d 919, 927 (1989). It "consists of anything calculated to deceive whether by single act or combination, or by suppression of truth, or suggestion of what is false, whether it be by direct falsehood or innuendo, by speech or silence, word of mouth, or look or gesture." *Delahanty v. First Pennsylvania Bank N.A.,* 318 Pa. Super. 90, 107, 464 A.2d 1243, 1251 (1983) (citing *Frowen v. Blank,* 493 Pa. 137, 143, 425 A.2d 412, 415 (1981)).

To establish a claim for fraudulent misrepresentation, the plaintiff must allege the following elements: "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." *Bortz v. Noon,* 556 Pa. 489, 499, 729 A.2d 555, 560 (1999). (citations omitted) Further, "if the misrepresentation is made *knowingly* or involves a non-privileged failure to disclose, materiality is not a requisite to the action." *Delahanty,* 318 Pa. Super. at 108, 464 A.2d at 1252. (citation omitted) (emphasis added) Moreover, "the

deliberate non-disclosure of a material fact is the same as culpable misrepresentation." *McClellan v. Health Maintenance Organization of Pennsylvania,* 413 Pa. Super. 128, 142, 604 A.2d 1053, 1060 (1991). Thus, "[a] misrepresentation is material when it is of such a character that if it had not been made, the [agreement] would not have been entered into." *Id.* at 143, 604 A.2d at 1060. (citations omitted)

Here, V-Tech's allegations are sufficiently pled. Specifically, V-Tech alleges that Murray Dodge represented that the four trucks to be sold all were suitable for salt-spreading and snow removal and were all without defects or nonconformities. Second amended complaint ¶¶4, 5 and 60. Relying upon these specific representations, V-Tech purchased the trucks and equipment. However, V-Tech later discovered that the salt spreader used was defective and unsuitable, it was not properly connected to the trucks, and as a result it caused V-Tech to lose its contract with SEPTA. *Id.* at ¶¶14 and 15. Therefore, V-Tech alleges that in order to obtain the profitable sale the "defendant misrepresented the trucks' abilities at the time of sale, the mechanical expertise of the company in preparing the vehicle and the durability of the vehicles as well as the ability to have the vehicle maintained." *Id.* at ¶56. As a result of these misrepresentations, V-Tech alleges it suffered damages in the excess of $50,000. *Id.* at ¶64. Thus, this court finds that the plaintiff's claim of misrepresentation is sufficient and therefore does not lack the requisite specificity for a pleading.

III. *The Court Denies the Preliminary Objections To Dismiss Plaintiff's Request for Punitive Damages*

Defendant contends that the plaintiff's allegations are insufficient to state a request for punitive damages. They argue that as a matter of law, plaintiff cannot sustain an action for punitive damages because there are no factual allegations which support a claim for outrageous conduct or conduct with an evil motive. This court disagrees.

"A request for punitive damages does not constitute a cause of action in and of itself. Rather, a request for punitive damages is merely incidental to a cause of action." *Nix v. Temple University,* 408 Pa. Super. 369, 380, 596 A.2d 1132, 1138 (1991). In fact, "a cause of action for misrepresentation can support a claim for punitive damages." *McClellan,* 413 Pa. Super. at 144, 604 A.2d at 1061. A plaintiff may recover punitive damages when the defendant's acts are the result of reckless indifference to the rights of others or an evil or malicious motive. *Rizzo v. Michener,* 401 Pa. Super. 47, 60, 584 A.2d 973, 979 (1990). "Reckless indifference to the interests of others" means that "the actor has intentionally done an act of an unreasonable character, in disregard to a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow." *Evans v. Philadelphia Transportation Company,* 418 Pa. 567, 574, 212 A.2d 440, 443 (1965).

Here, after reviewing the plaintiff's complaint, the court is convinced that sufficient allegations have been presented to substantiate V-Tech's request for punitive damages. In an effort to gain the sale, V-Tech alleges

that the defendant intentionally made false statements about the quality of the trucks and equipment. V-Tech further alleges that Murray Dodge was "willful, wanton, [and] malicious" when it fraudulently represented that it would properly repair the defects and nonconformities. Second amended complaint ¶¶27 and 28. Therefore, it is premature to dismiss the claim for punitive damages since sufficient allegations are contained in the complaint.

## CONCLUSION

For the above reasons, this court overrules the preliminary objections of Murray Dodge asserting lack of sufficiency in Counts III and VI. Furthermore, the preliminary objection requesting that the claim for punitive damages be stricken with prejudice is denied. Defendant Murray Dodge has 30 days in which to file an answer to the averments.

## ORDER

And now, October 11, 2001, upon consideration of the preliminary objections of defendant Murray Motors Co. Inc., t/a Murray Dodge to the second amended complaint of plaintiff V-Tech Services Inc. and in accordance with the memorandum opinion being filed contemporaneously with this order, it is hereby ordered and decreed as follows:

(1) The preliminary objection asserting lack of sufficiency in Counts III and VI is overruled.

(2) The preliminary objection requesting that the claim for punitive damages be stricken with prejudice is denied.

(3) Defendant Murray Dodge has 30 days in which to file an answer to the averments.