**Denucci v. The Cathedral Foundation**

C.P. of Lawrence County, no. 10938 of 2009.

*Charles W. Garbett,* for plaintiffs.
*Diane A. Blackburn,* for defendant.

COX, *J.,* June 8, 2010—Before the court for disposition are the preliminary objections to plaintiffs' complaint filed on behalf of the defendant The Cathedral Foundation, which argues that paragraphs 10(a) and 11(s) are too vague and overbroad to establish a cause of action in negligence.

According to the plaintiffs' complaint, Gina M. Denucci was employed as a public safety 911 dispatcher and her employer leased office space from the defendant located at 110 East Lincoln Avenue, New Castle, Lawrence County, Pennsylvania. On March 8, 2008, Ms. Denucci was traversing the defendant's parking lot to enter her place of employment when she fell on an accumulation of ice or snow. As a result, Ms. Denucci and her husband Michael Denucci (plaintiffs) filed suit claiming that Ms. Denucci suffered serious injuries, including post-concussion syndrome, cervical and thoracic strain or sprain, lumbar and sacral strain or sprain, a cerebral

concussion, blurred vision, muscle weakness, tremors, headaches, intermitten estropia and decompensated esphoria.

The defendant subsequently filed these preliminary objections claiming that paragraphs 10(a) and 11(s) of the plaintiffs' complaint should be stricken because they are too vague and overbroad to establish the plaintiffs' negligence claim. Paragraph 10(a) states that the defendant was negligent "in being careless;" and paragraph 11(s) says Ms. Denucci suffered "other serious and severe injuries the exact nature of which are unknown at this time."

The specificity of a pleading is governed by Pa.R.C.P. 1019, which states "(a) The material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pennsylvania is a fact-pleading jurisdiction, which requires the plaintiff to provide the defendant with notice of what the plaintiff's claim is and the grounds for the claim. *Unified Sportsmen of Pennsylvania v. Pennsylvania Game Comission (PGC),* 950 A.2d 1120, 1134 (Pa. Commw. 2008) (quoting *Sevin v. Kelshaw,* 417 Pa. Super. 1, 7, 611 A.2d 1232, 1235 (1992)). Additionally, the plaintiff must summarize the facts essential to support the claims. *Id.* "The rule requires a plaintiff to plead all the facts that he must prove in order to achieve recovery on the alleged cause of action. The pleading must be sufficiently specific so that the defending party will know how to prepare his defense." *Commonwealth ex rel. Pappert v. TAP Pharmaceuticals Products Inc.,* 868 A.2d 624, 635 (Pa. Commw. 2005) (citing *PennDot v. Shipley Humble Oil Co.,* 29 Pa. Commw. 171, 370 A.2d 438 (1977)). The purpose behind

the rules of pleading is to enable parties to ascertain, by utilizing their own professional discretion, the claims and defenses that are asserted in the case. *Krajsa v. Keypunch Inc.,* 424 Pa. Super. 230, 236, 622 A.2d 355, 357 (1993). "The pleadings must adequately explain the nature of the claim to the opposing party so as to permit him to prepare a defense, and they must be sufficient to convince the court that the averments are not merely subterfuge." *In re Estate of Schofield,* 505 Pa. 95, 103, 477 A.2d 473, 477 (1984) (citing *Sokoloff v. Strick,* 404 Pa. 343, 172 A.2d 302 (1961); *Hornsby v. Lohmeyer,* 364 Pa. 271, 72 A.2d 294 (1950); *Rice v. Braden,* 243 Pa. 141, 89 A. 877 (1914)).

The defendant claims that paragraphs 10(a) and 11(s) violate the court's ruling in *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983). In that case, the court determined that an averment stating, "otherwise fail[ed] to use due care and caution under the circumstances," lacked specificity and the defendant could have filed a motion to strike off that statement, but chose not to do so. *Id.,* 501 Pa. at 311 n.3, 461 A.2d at 603 n.3 (citing *Arner v. Sokol,* 373 Pa. 587, 592-93, 96 A.2d 854, 856 (1953); *King v. Brillhart,* 271 Pa. 301, 304, 114 A. 515, 516 (1921)). However, a complaint is sufficiently specific if the whole complaint contains material facts which set forth a cause of action. *Lipinsky v. Graham,* 88 D.&C. 156, 158 (Mercer Cty. 1954). "A more specific complaint will not be required where the details requested are evidentiary in nature." *Hock v. L. B. Smith Inc.,* 69 D.&C.2d 420, 423 (Columbia Cty. 1974) (citing *General Acceptance Corp. v. Wilson,* 40 Northum. L. N. 54).

In *Lipinsky, supra,* the plaintiff's complaint contained an averment that the defendant was operating his vehicle "at an excessive rate of speed under the circumstances." Although the court found that allegation to be overly-broad, the complaint as a whole was sufficiently specific to place the defendant on notice of the plaintiff's claims and the defendant's preliminary objection was overruled. *Lipinsky,* 88 D.&C. at 158.

Similarly, in the case sub judice, the plaintiffs made the broad averment in paragraph 10(a) that the defendant was negligent "in being careless." Moreover, the plaintiffs aver in paragraph 11(s) that Ms. Denucci suffered "other serious and severe injuries the exact nature of which are unknown at this time." Although these allegations clearly lack specificity on their own, the court must also consider them in conjunction with the remaining paragraphs in the plaintiffs' complaint. First, paragraph 10 contains paragraphs 10(a) through (j), which specifically set forth negligent behavior performed on behalf of the defendant, which includes the following: failing to inspect the premises, failing to warn Ms. Denucci of the dangerous condition created by the accumulation of ice and failing to remove the accumulated ice. Additionally, paragraph 11 contains paragraphs 11(a) through (t), which present the defendant with a comprehensive list of the injuries suffered by Ms. Denucci. Those averments provide sufficient notice of the alleged negligent acts of the defendant and the injuries suffered by Ms. Denucci, so the defendant can prepare its defense.

Furthermore, the plaintiffs are not required to plead details that are evidentiary in nature. Discovery must be conducted to enable the plaintiffs to ascertain all of the

injuries that were caused by the defendant's alleged negligence. The plaintiffs were able to provide a comprehensive list of injuries sustained by Ms. Denucci in paragraphs 11(a) through 11(t); however, there may be other injuries that are discovered once Ms. Denucci is further examined by a medical expert during the course of discovery. The plaintiffs are required to produce an expert report pursuant to Pa.R.C.P. 212.2, which will specifically identify all of the injuries that the plaintiffs can claim at trial. Once the expert report is provided to the defendant, the plaintiffs will be precluded from amplifying their claim to include any injuries beyond those contained in that report. Therefore, the court holds that the plaintiffs have pleaded their cause of action with sufficient specificity to provide the defendant with notice of their claims.

For the reasons set forth in this opinion, the defendant's preliminary objections to plaintiffs' complaint are overruled.

## ORDER

Now June 8, 2010, this case being before the court on May 24, 2010, for oral argument on the preliminary objections to plaintiffs' complaint filed by the defendant, with both parties appearing through their counsel, the plaintiffs, Gina M. Denucci and Michael Denucci, her husband, represented through counsel, Charles W. Garbett, Esquire and the defendant, The Cathedral Foundation, represented through counsel, Diane A. Blackburn, Esquire and after consideration of the arguments and briefs presented and submitted by counsel and a complete

and thorough review of the applicable record, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

(1) In accordance with the attached opinion, the preliminary objections to plaintiffs' complaint filed by the defendant are hereby overruled.

(2) Defendant shall file a written answer within 20 days after notice of this order of court.

(3) The prothonotary is directed to serve a copy of this order of court upon counsel of record, Charles W. Garbett, Esquire and Diane A. Blackburn, Esquire.