J-A29035-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| STEVEN FRIEDMAN, MD, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF GAIL FRIEDMAN, DEC., | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| v. | : : | |
| THE WAYNE CENTER AND GENESIS HEALTHCARE, | : : : | |
| Appellees | : : | |
| | : | No. 1852 EDA 2017 |

Appeal from the Order Entered May 24, 2017
in the Court of Common Pleas of Chester County,
Civil Division, at No(s): No. 2015-10151

BEFORE:    LAZARUS, PLATT,* and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:            **FILED DECEMBER 18, 2017**

Steven Friedman (Appellant) appeals *pro se* from the May 24, 2017 order which granted summary judgment in favor of The Wayne Center and Genesis HealthCare (Defendants,[1] collectively).  We affirm.

The pertinent factual and procedural history of this case has been summarized by the trial court as follows.

> Appellant, acting *pro se*, commenced what is essentially a professional malpractice claim against Defendants []on or about October 29, 2015 by the filing of a writ of summons.  Following a rule to file complaint on November 24, 2015, Appellant filed his

---

[1] Appellant's initial claims were filed against Defendants, as well as Marjorie Marenberg, M.D., and Darlynn Masucci, R.N., alleging negligent care of Appellant's wife, decedent, Gail Friedman.  The trial court dismissed all claims against Marenberg and Masucci on April 13, 2017.  Appellant does not challenge the dismissal of his claims against those defendants in this appeal.

*Retired Senior Judge assigned to the Superior Court.

first complaint on January 15, 2016. After a series of preliminary objections and amended pleadings, Appellant filed the operative pleading, the fourth amended complaint, on August 3, 2016. Appellant filed certificates of merit against each Defendant; however, Appellant represented himself as the expert to supply the opinions critical of the Defendants' care.

At the close of the pleadings and following discovery, Defendants [] filed motions for summary judgment. … [Defendants'] motion for summary judgment sought dismissal of all negligence claims on the basis that Appellant, acting as his own expert, did not meet the requirements set forth by the MCARE Act as he did not possess an active medical license. Without a competent expert to opine on the medical malpractice claims, [the trial court] determined that Appellant was unable to survive summary judgment as a matter of law. However, [Defendants] did not address the remaining breach of contract and fraudulent concealment and/or deceit claims within their motion. By order of April 13, 2017, [the trial court] dismissed the negligence claims against [Defendants]. [Defendants] subsequently filed a second motion for summary judgment regarding the remaining claims. Based upon Appellant's failure to present any evidence of [the] existence of a contract or of fraud to support his action, [the trial court] dismissed the remaining claims against [Defendants] by order dated May 24, 2017.

Trial Court Opinion, 7/12/2017, at 1-2 (unnecessary capitalization removed).

Appellant timely filed a notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant presents this Court with two questions for our review: (1) did the trial court err in granting summary judgment for Defendants on Appellant's breach of contract claim, and (2) did the trial court err in granting summary judgment for Defendants on Appellant's fraudulent concealment/deceit claim. Appellant's Brief at 4.

We begin our review with the applicable legal principles.

A proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the jury. Where a motion for summary judgment is based upon insufficient evidence of facts, the adverse party must come forward with evidence essential to preserve the cause of action. If the non-moving party fails to come forward with sufficient evidence to establish or contest a material issue to the case, the moving party is entitled to judgment as a matter of law. The non-moving party must adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof such that a jury could return a verdict favorable to the non-moving party. As with all summary judgment cases, the court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party as to the existence of a triable issue.

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions. In reviewing a grant of summary judgment, the appellate Court may disturb the trial court's order only upon an error of law or an abuse of discretion. The scope of review is plenary and the appellate Court applies the same standard for summary judgment as the trial court.

*Grandelli v. Methodist Hosp.*, 777 A.2d 1138, 1143–44 (Pa. Super. 2001)

(citations omitted).

Generally, for a plaintiff to maintain a successful cause of action for breach of contract, the plaintiff must demonstrate the following: (1) the existence of a contract between the plaintiff and defendant, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) damages resulting from a breach of that duty.

*Reeves v. Middletown Athletic Ass'n*, 866 A.2d 1115, 1125 (Pa. Super.

2004) (citation omitted). Here, Appellant alleged that a contract existed

between the parties based on the Pennsylvania Department of Health's

"Patient Bill of Rights for Nursing Homes." Appellant's Fourth Amended Complaint, 8/3/2016, at ¶ 74. In seeking summary judgment, Defendants alleged that Appellant failed to establish that a contract existed. In response, Appellant cited 42 U.S.C. § 1396r (Requirements for Nursing Facilities), and two letters dated November 6, 2013, and November 12, 2013,[2] between Appellant and the Department of Health, as further evidence of the existence of a contract. However, none of these documents, alone or together, creates a contract between the parties.

> It is settled that for an agreement to exist, there must be a meeting of the minds, ...; the very essence of an agreement is that the parties mutually assent to the same thing,.... The principle that a contract is not binding unless there is an offer and an acceptance is to ensure that there will be mutual assent....

*Schreiber v. Olan Mills*, 627 A.2d 806, 808 (Pa. Super. 1993) (citation and quotation marks omitted). Therefore, the trial court did not err in granting Defendants' motion for summary judgment as to Appellant's breach of contract claim. *See Reeves*, 866 A.2d at 1125 (holding that breach of contract claim cannot survive summary judgment where plaintiff has failed to establish the existence of a contract between the parties).

---

[2] These letters are addressed to Appellant, and are from the Pennsylvania Department of Health regarding Appellant's complaint to the Department of Health regarding Defendants not allowing Appellant to be the decedent's physician.

Next, Appellant alleges that the trial court erred in granting summary judgment for Defendants on his fraudulent concealment/deceit claim. "A]ppellant presented evidence necessary to create a genuine issue of material fact that [Defendants] submitted at least one document obtained by fraud and/or deceit."  Appellant's Brief at 13.

> Fraud must be averred with particularity by the following elements: 1) a misrepresentation; 2) a fraudulent utterance of it; 3) the maker's intent that the recipient be induced thereby to act; 4) the recipient's justifiable reliance on the misrepresentation; and 5) damage to the recipient proximately caused.

*Sevin v. Kelshaw*, 611 A.2d 1232, 1236 (Pa. Super. 1992) (citation omitted).

The trial court offered the following in response to Appellant's claim.

> Appellant states that, on March 15, 2016, [Defendants'] counsel presented a fraudulent document dated October 28, 2013 entitled "Voluntary Binding Arbitration Agreement."  It was signed by Appellant's decedent.  Appellant contends that he rejected said agreement the prior day on October 27, 2013.  It remains unclear to [the trial court] whether Appellant alleges that [Defendants] returned the following day to present the document for execution by Appellant's decedent, who was allegedly incompetent to enter into such agreement, or whether he accuses [Defendants] of forging the document.  Appellant also directs attention to a letter dated November 11, 2013, written by Appellant.  Appellant argues that such correspondence was misused by [Defendants] as evidencing Appellant's intention to abdicate his responsibilities of caring for Gail Friedman as her attending physician.
>
> Simply stated, these two documents do not create a genuine issue of material fact regarding Appellant's cause of action for fraudulent concealment and/or deceit.  Appellant presented no evidence of forgery.  Appellant presented no evidence of Gail Friedman's alleged incompetence, which rendered her unable to legally enter into the "Voluntary Binding Arbitration Agreement."  Appellant presented no evidence of misuse of the November 11, 2013 letter.  The letter speaks for itself.  At the summary

judgment stage, Appellant is not permitted to rest on the pleadings, which is exactly what he has done. His allegations are insufficient to survive summary judgment, a standard which requires that the adverse party come forward with evidence essential to preserve his cause of action. Appellant came forward with zero evidence for [the trial court's] consideration as to whether a genuine issue of material fact existed which would support the claim for fraud. [Defendants] were therefore entitled to summary judgment as a matter of law.

Trial Court Opinion, 7/12/2017, at 6-7.

The trial court's findings are supported by the record. Moreover, Appellant was not harmed by the purported arbitration agreement because the matter was not sent to arbitration. Appellant has failed to come forward with sufficient evidence to establish the existence of a genuine issue of material fact to support his claim for fraud. Therefore, the trial court did not err in granting Defendants' motion for summary judgment. ***See Miller v. Sacred Heart Hosp.***, 753 A.2d 829, 833 (Pa. Super. 2000) (providing summary judgment is appropriate when a plaintiff fails to establish an element of the cause of action).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date:12/18/2017