J-A28021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SANDRA COOPER, IN HER OWN RIGHT AND AS ADMINISTRATRIX OF THE ESTATE OF GENE M. COOPER | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : | |
| | : | No. 117 MDA 2018 |
| ARMSTRONG WORLD INDUSTRIES, BRENNTAG NORTHEAST, INC., ALAN J. HAY, M.D., AND LANCASTER GENERAL OCCUPATIONAL MEDICINE | : : : : : | |

Appeal from the Judgment Entered December 6, 2017
In the Court of Common Pleas of Lancaster County
Civil Division at No(s): CI-15-08202

BEFORE: LAZARUS, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:             **FILED DECEMBER 27, 2018**

Sandra Cooper ("Appellant"), in her own right and as administratrix of the Estate of Gene M. Cooper,[1] appeals from the December 6, 2017 order sustaining the preliminary objections filed by Brenntag Northeast, Inc. ("Brenntag").[2] We are constrained to affirm in part, reverse in part, and remand for further proceedings consistent with this memorandum.

---

[1] We refer to Gene M. Cooper as "Cooper" and the Estate of Gene M. Cooper as "the Estate."

[2] Appellant filed suit against Brenntag, Armstrong World Industries, Dr. Alan J. Hay, and Lancaster General Occupational Medicine. All four defendants filed

Cooper worked for Armstrong World Industries beginning in 1974. On September 25, 2003, Cooper assisted with cleaning a chemical spill that occurred at Armstrong World Industries' facility. Cooper used "Safety Solvent," a chemical manufactured by Brenntag, to clean the spill. Safety Solvent contains three chemicals, including trichloroethylene. In November 2007, Cooper was diagnosed with injuries allegedly related to trichloroethylene exposure.

As the procedural posture of a prior case is relevant to our disposition, we begin with a review of the history of litigation between the parties. On December 1, 2009, Appellant and Cooper filed suit against several defendants, including Brenntag ("the 2009 lawsuit"). Following Cooper's February 5, 2014 death, on November 25, 2014, Appellant filed an amended complaint in the 2009 lawsuit alleging that Cooper's death resulted from exposure to trichloroethylene. On October 13, 2017, the trial court granted Brenntag summary judgment in the 2009 lawsuit. The trial court concluded that the claims were barred by the statute of limitations because Cooper was aware that his injuries were caused by trichloroethylene in November 2007. Appellant did not appeal that decision in the 2009 lawsuit.

---

preliminary objections. On December 6, 2017, the trial court sustained all four sets of preliminary objections and dismissed all claims against all parties. On appeal, however, Appellant challenges only the order sustaining Brenntag's preliminary objections.

On October 22, 2014, Appellant filed the instant lawsuit, on her own behalf and as administratrix of the Estate, in the Court of Common Pleas of Philadelphia County. That court transferred the case to the Court of Common Pleas of Lancaster County. On October 6, 2017, Appellant filed a third amended complaint in this case. As is relevant to this appeal, the third amended complaint included three counts against Brenntag alleging wrongful death[3] and one count against Brenntag alleging fraudulent concealment. On October 24, 2017, Brenntag filed preliminary objections. On December 6, 2017, the trial court sustained Brenntag's preliminary objections. It concluded that Appellant's three wrongful death claims were barred by the doctrine of *res judicata*. In addition, the trial court held that Appellant's fraudulent concealment claim was not pled with sufficient particularity. This timely appeal followed.[4]

Appellant presents four issues for our review:

1. Did the [trial] court err by dismissing [Appellant's wrongful death claims]?

2. Did the [trial] court err by dismissing [Appellant's fraudulent concealment claim]?

_____

[3] The third amended complaint included survival claims against Brenntag; Appellant, however, has waived all arguments related to those survival claims by failing to raise them on appeal. *See* Pa.R.A.P. 2119(a).

[4] Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

3. Even if the [fraudulent concealment] claim was not [pled] with sufficient particularity, did the [trial] court err by not allowing [Appellant] to file a fourth amended complaint?

4. [Should Brenntag's application for sanctions be granted]?

Appellant's Brief at 4.

We review an order sustaining preliminary objections *de novo* and our scope of review is plenary. **Caltagirone v. Cephalon, Inc.**, 190 A.3d 596, 599 (Pa. Super. 2018), *appeal denied*, 2018 WL 5013765 (Pa. Oct. 16, 2018). Essentially, the trial court concluded that Appellant's wrongful death claims were barred by *res judicata* because the trial court previously decided, in the 2009 lawsuit, that the statute of limitations had expired. To unpack the ruling, we begin with a review of wrongful death claims:

> At common law, an action for personal injury did not survive a person's death. To counter this, our legislature enacted a survival statute providing that all causes of action or proceedings, real or personal, shall survive the death of a plaintiff. All actions that survive the decedent, however, must be brought by or against the personal representative of the decedent's estate. Likewise, Pennsylvania law provides that an action may be brought, under procedures prescribed by general rules, to recover damages for the death of an individual caused by the wrongful act, neglect, unlawful violence, or negligence of another. This wrongful death action exists only for the benefit of a decedent's spouse, children or parents. As with survival actions, an action for wrongful death may only be brought by the personal representative of a decedent for the benefit of those persons entitled by law to recover damages for the decedent's wrongful death.

**Bouchon v. Citizen Care, Inc.**, 176 A.3d 244, 258 (Pa. Super. 2017), *appeal denied*, 189 A.3d 993 (Pa. 2018) (cleaned up). "Moreover, a wrongful death action . . . is dependent upon the decedent's cause of action being viable at

the time of death." ***Pisano v. Extendicare Homes, Inc.***, 77 A.3d 651, 658 (Pa. Super. 2013), *appeal denied*, 86 A.3d 233 (Pa. 2014) (cleaned up). Hence, "no action for wrongful death can be maintained where the decedent, had he lived, could not himself have recovered for the injuries sustained." ***Ingenito v. AC & S, Inc.***, 633 A.2d 1172, 1176 (Pa. Super. 1993), *appeal denied*, 668 A.3d 1133 (Pa. 1995). Because more than two years had expired since Cooper's diagnosis, the trial court concluded (at the summary judgment stage) that the statute of limitations barred Appellant's claims in the 2009 lawsuit. The trial court uses this ruling as the basis for claiming that *res judicata* bars Appellant's claims in this case.

Appellant argues that her claims were not barred by *res judicata* because the 2009 lawsuit was not decided on the merits. "The law provides that where there has previously been rendered a final judgment **on the merits** by a court of competent jurisdiction, the doctrine of *res judicata* will bar any future suit on the same cause of action between the same parties." ***Milby v. Pote***, 189 A.3d 1065, 1078 (Pa. Super. 2018) (emphasis added). Because a judgment based on the statute of limitations is not a judgment on the merits, a case dismissed on statute of limitations grounds cannot serve as the basis for *res judicata*. ***Weinar v. Lex***, 176 A.3d 907, 916 (Pa. Super. 2017), *appeal denied*, 189 A.3d 994 (Pa. 2018). Hence, Appellant's claims were not barred by the doctrine of *res judicata* because the 2009 lawsuit was

not decided on the merits.[5]  We decline to attempt to affirm on a basis that was not raised at the trial court level.  Accordingly, we are constrained to reverse the trial court's order sustaining Brenntag's preliminary objections as to the three wrongful death counts and remand with instructions for Brenntag to file an answer.

In her second issue, Appellant argues that the trial court erred by dismissing her fraudulent concealment claim brought pursuant to Restatement (Second) of Torts § 550.  **See Sevin v. Kelshaw**, 611 A.2d 1232, 1236 (Pa. Super. 1992) (citations omitted) (Pennsylvania has adopted section 550). Section 550 provides that, "One party to a transaction who by concealment or other action intentionally prevents the other from acquiring material information is subject to the same liability to the other, for pecuniary loss, as though he had stated the nonexistence of the matter that the other was thus prevented from discovering."  Restatement (Second) of Torts § 550.

Most of Appellant's fraudulent concealment count is completely irrelevant to fraudulent concealment.[6]  By its very nature, a fraudulent

---

[5] The trial court and Brenntag cite an exception which permits *res judicata* to be raised as a preliminary objection instead of as new matter.  This exception, however, does not address the distinct issue of whether a dismissal based on statute of limitations grounds can be used to assert *res judicata* because it is not a ruling on the merits.

[6] As noted by the trial court, this is because Appellant's claim is a thinly-veiled attempt at pursuing an independent spoliation claim.  Pennsylvania, however,

- 6 -

concealment claim relates to actions that occurred **prior** to an injury. Appellant's complaint, however, details actions Brenntag took **after** Cooper was exposed to trichloroethylene. These allegations cannot form the basis for Appellant's tort claim because Appellant is unable to show reliance. **See Woodward v. Dietrich**, 548 A.2d 301, 311 (Pa. Super. 1988) (requiring reliance in a fraudulent concealment case); **see also In re 1983 Audit Report of Beharry**, 544 A.2d 514, 523 (Pa. Cmwlth. 1988) (*en banc*) (same). This inability to show reliance could not be cured by filing an amended complaint.

We conclude that the trial court properly found that Appellant failed to plead, with the necessarily particularity, that Cooper was prevented from acquiring the requisite safety information. Specifically, the only allegation in Appellant's third amended complaint that remotely addresses the issue was that:

> At relevant times, Brenntag engaged in a concerted action with [Armstrong World Industries] through [an Armstrong World Industries' employee] to selectively dispose of Brenntag's [s]afety [d]ata [s]heets to prevent [Cooper] and other USWA Local 285 members **from determining that the warnings on Brenntag's Safety Solvent labels failed to conform to the requirements of [the Occupational Safety and Health Administration's] [h]azard [c]ommunications [s]tandard.**

---

does not recognize such a cause of action. **Pyeritz v. Commonwealth**, 32 A.3d 687, 692–697 (Pa. 2011).

Appellant's Third Amended Complaint, 10/6/17, at 75 (emphasis added). Again, there was no reliance because Appellant did not allege that Brenntag's actions prevented Cooper from learning about the safety risks of Safety Solvent. Instead, she only alleged that Brenntag's actions prevented Cooper from learning that Brenntag supposedly violated OSHA standards.

This was insufficient to plead the necessary elements of a fraudulent concealment claim. Appellant was required to plead that Brenntag's fraudulent concealment prevented Cooper from learning of the relevant safety information and that Cooper's failure to learn of the relevant safety information caused Cooper to use the Safety Solvent. Her failure to do so was fatal to her fraudulent concealment claim.

Moreover, Appellant failed to plead that Cooper's failure to learn of the dangers of Safety Solvent caused Cooper's injuries. The portions of the third amended complaint Appellant cites in her brief fail to allege that Cooper was injured as a result of his trichloroethylene exposure. Hence, we agree with the trial court that Appellant failed to plead damages resulting from Brenntag's fraudulent concealment. Thus, for two independent reasons, the trial court correctly sustained Brenntag's preliminary objections with respect to Appellant's fraudulent concealment claim and we affirm that portion of the trial court's order.

In her third issue, Appellant argues that the trial court erred by dismissing her fraudulent concealment claim without granting her leave to

amend her complaint. This argument is waived for at least two reasons. In order to preserve a claim that the trial court erred in dismissing a complaint after the filing of preliminary objections without leave to amend, a plaintiff must request such leave to amend before the trial court. ***See*** Pa.R.A.P. 302(a). Hence, Appellant was required to include the location of preserving the issue in her brief. Pa.R.A.P. 2117(c). Appellant's failure to do so waived this claim of error. ***Commonwealth v. Baker***, 963 A.2d 495, 502 & n.5 (Pa. Super. 2008), *appeal denied*, 992 A.2d 885 (Pa. 2010) (citations omitted). Moreover, our review of the certified record reveals that Appellant did not request leave to amend in her response to Brenntag's preliminary objections or in her brief filed in support of that pleading. Hence, this issue is also waived under Rule 302(a).[7]

In her final issue, Appellant argues that we should deny Brenntag's application for sanctions. We agree. As set forth above, Appellant is entitled to relief in this appeal. We will not award sanctions against a prevailing party.

Brenntag's application denied. Appellant's application for permission to file post-submission communication is denied as moot. Order affirmed in part and reversed in part. Case remanded. Jurisdiction relinquished.

---

[7] Even if Appellant preserved this issue, we conclude that the trial court did not abuse its discretion by refusing to grant Appellant leave to file a fourth amended complaint for the reasons stated in our analysis of Appellant's second issue.

- 9 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/27/2018