**Robert J. COLAIZZI, Appellant,**

v.

**G. Carl BECK and Vera Beck; Carolyn Young, an individual, as agent for Howard Hanna Real Estate Services, Inc., Appellees.**

**Robert J. Colaizzi, Appellant,**

v.

**G. Carl Beck and Vera Beck; Carolyn Young, an individual, as agent for Howard Hanna Real Estate Services, Inc., and Howard Hanna Real Estate Services, Inc., Appellees.**

Superior Court of Pennsylvania.

Argued Nov. 29, 2005.
Filed March 1, 2006.

Robert J. Colaizzi, appellant, Pro Se.

David S. Klett and Alexander B. Bunson, Pittsburgh, for Beck, appellees.

BEFORE: LALLY–GREEN, TODD, and McCAFFERY, JJ.

OPINION BY TODD, J:

¶ 1 In this consolidated appeal, Robert J. Colaizzi appeals two orders entered by the Allegheny County Court of Common Pleas on January 24, 2005: the first sustaining Appellees' preliminary objections, and the second dismissing Appellant's complaint with prejudice. We affirm.

¶ 2 In February 2003, Appellant purchased residential property located at 271 Hazel Drive in Mt. Lebanon from Appellees G. Carl Beck and his wife, Vera Beck (the "Becks"). Appellees Carol Young and Howard Hanna Real Estate Services Inc. ("Howard Hanna") were the listing agents for the property. Pursuant to the Real Estate Seller Disclosure Law, 68 Pa.C.S.A. § 7301 *et. seq.*, the Becks completed a Seller's Disclosure Form wherein they indicated that they were not aware of any condition that would affect the use and/or enjoyment of the property or the fair market value and/or title of the property. Within a month or so of purchasing the property, Appellant discovered that the property directly adjacent to 271 Hazel Drive was the site of a group home for mentally-challenged adults operated by Idlewood Center, Inc.

¶ 3 On August 31, 2004, Appellant filed a complaint alleging claims for breach of contract and violation of the Real Estate Seller Disclosure Law against the Becks, and claims of fraud and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201–1 et al. against all Appellees. Appellees filed preliminary objections in the nature of a demurrer to Appellant's

complaint and, following oral argument on January 24, 2005, the trial court granted Appellees' preliminary objections and dismissed Appellant's complaint with prejudice. This appeal followed, wherein Appellant presents the following issues for review:

A. Did the Trial Court commit an error of law in dismissing the claim of the Plaintiff, Robert J. Colaizzi, with prejudice, based upon the Preliminary Objections in the Nature of a Demurrer presented by the Defendants, by holding that the condition of an immediately adjacent property does not fall within the ambit of [the Real Estate Seller Disclosure Law]?

B. Did the Trial Court commit an error of law in failing to address the other claims presented by the Plaintiff in his complaint?

(Appellant's Brief at 3.)

¶ 4 Where an appellant challenges the trial court's grant of preliminary objections on demurrer, our scope of review is well-settled: we are obligated to accept all material facts set forth in the complaint, and all inferences reasonably drawn therefrom as admitted and true and determine whether, based on the plaintiff's averments, recovery is impossible as a matter of law. *MacElree v. Philadelphia Newspapers, Inc.*, 544 Pa. 117, 124, 674 A.2d 1050, 1053–54 (1996). If any doubt exists as to whether a demurrer should be sustained, we must reverse the decision of the trial court. *County of Allegheny v. Commonwealth*, 507 Pa. 360, 372, 490 A.2d 402, 408 (1985).

¶ 5 Appellant contends that the trial court, in holding that the existence of a nearby group home for mentally-challenged adults is not a condition or material fact that must be disclosed to a potential

buyer under the Real Estate Seller Disclosure Law, erroneously focused and relied exclusively on whether the condition was present on the subject property, as opposed to an adjacent property. Appellant argues that the trial court thereby ignored the import of Section 7304(b)(16) of the law, which requires that a property disclosure statement include a disclosure with respect to, *inter alia,* "[l]egal issues affecting title or that would interfere with use and enjoyment of the property." 68 Pa. C.S.A. § 7304(b)(16). We do not agree.

¶ 6 Appellant provides no authority, and our research has disclosed none, to suggest that the requirements of Section 7304(b) should be extended beyond the property which is subject to transfer to include neighboring properties. Moreover, even if we were persuaded by Appellant's argument, we find that the existence of a group home for mentally-challenged adults on the adjacent property does not constitute a "legal issue," as contemplated by Section 7304(b)(16), which would affect Appellant's title to or use and enjoyment of the property.

¶ 7 Finally, we note that in *Sevin v. Kelshaw,* 417 Pa.Super. 1, 611 A.2d 1232 (1992), a case cited by Appellant, this Court recognized that "a vendor or his agent may be responsible for concealing the existence of an imperfection in the property *which is known to be material to the purchaser."* *Id.* at 12, 611 A.2d at 1238 (emphasis added). Unlike the instant case, *Sevin* concerned an easement on the property being transferred, not a characteristic of an adjacent property. Moreover, even if the holding in *Sevin* applied herein, there is no evidence that Appellees were aware of Appellant's desire not to live near a group home. Accordingly, even if the existence of the group home on the adjacent property could be considered an imperfection, there would be no fraudulent misrepresentation in the instant case.

¶ 8 Appellant next argues that the trial court erred in failing to address his claims for common law fraud and violation of the UTPCPL against Howard Hanna and Carolyn Young. With respect to the UTPCPL, as this Court explained in *Skurnowicz v. Lucci,* 798 A.2d 788 (Pa.Super.2002),

> An individual who purchases goods, including real estate, may bring a private action to recover damages caused by another's "act or practice declared unlawful" by the UTPCPL. 73 P.S. 201–9.2. *See also In re Zisholtz,* 226 B.R. 824, 831 (Bankr.E.D.Pa.1998).
>
> Section 201–3 provides that it is unlawful to engage in "unfair or deceptive acts or practices in the conduct of any trade or commerce" as defined by section 201–2(i)–(xxi). In addition to twenty specifically enumerated practices, the Act provides that "engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding" constitutes an "unfair or deceptive act or practice." 73 P.S. § 201–2(4)(xxi). In order to establish a violation of this catchall provision, "a plaintiff must prove all of the elements of common-law fraud." *Sewak,* 699 A.2d at 761.

*Id.* at 794.

¶ 9 In turn, to establish common law fraud, a plaintiff must prove: (1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a proximate result. *Rizzo v. Michener,* 401 Pa.Super. 47, 61, 584 A.2d 973, 980 (1990). A misrepresentation is material if it is of such character that if it had not been misrepresented, the transaction

would not have been consummated. *Sevin*, 417 Pa.Super. at 10, 611 A.2d at 1237.

¶ 10 As noted above, Appellant failed to allege in his complaint that he made Appellees aware of his opposition to purchasing a house adjacent to property which houses a group home. Thus, he failed to allege a misrepresentation of a material fact. As such, Appellant failed to set forth a claim for common law fraud or a violation of the UTPCPL.

¶ 11 For all of the foregoing reasons, we affirm the trial court's orders sustaining Appellees' preliminary objections and dismissing Appellant's complaint with prejudice.

¶ 12 Orders **AFFIRMED.**