## Bukoskey v. Palombo

458

*Aimee L. Burton,* for plaintiff.
*Nick Francalancia,* for defendants Palombo & Howard Hanna.
*Allen Andrascik,* for defendant Cordasco Estate.

KUNSELMAN, *P.J.,* November 20, 2007—Before the court are preliminary objections filed on behalf of defendants, the estate of Donna Rose Cordasco and Christine Stanley, executrix of the estate, and defendants, Sue Palombo and Howard Hanna Company. For the following reasons, the preliminary objections will be sustained in part.

The basic facts and procedural history of the case are as follows. This matter stems from a property dispute involving the sale of real property to plaintiff located at 65 Valley View Drive, Economy, Beaver County, Pennsylvania 15003. The plaintiff avers the following facts: the property in question had been owned by the decedent, Donna Rose Cordasco, prior to her death by suicide; defendant Christine Stanley, executrix of the estate of Donna Rose Cordasco, listed the property for sale with defendant Howard Hanna; plaintiff engaged the services of defendant Howard Hanna in searching for a home to purchase; defendant, Sue Palombo, an agent with defendant Howard Hanna, showed plaintiff the home on January 27, 2007; on the date he visited the house, the

master bedroom was filled with furniture and the floor was obstructed from view; on that date, plaintiff entered into an exclusive buyer agency contract with defendant Howard Hanna and a standard agreement for the sale of real estate, which was presented to the estate as plaintiff's offer to purchase the residence for $80,000; the offer was then accepted; after the offer was accepted, closing was scheduled for March 9, 2007, and defendant Palombo arranged for a survey of the property, a formal appraisal and a home inspection; the final walk-through of the residence occurred on March 8, 2007; at the time of the walk-through, the furniture had been removed, and a piece of carpeting that was the same color and material as the carpeting underneath it in the master bedroom was placed on the floor in the center of the room, covering an area of the floor that had previously been covered with furnishings.

The closing on the residence occurred on March 9, 2007. Plaintiff contends that none of the defendants disclosed to him prior to the closing that Ms. Cordasco had committed suicide with a firearm in the master bedroom of the residence. Instead, the plaintiff learned of the manner of Ms. Cordasco's death through a neighbor on March 10, 2007. On March 12, 2007, the carpet cleaners he hired to clean the carpeting informed him that they were unable to remove a blood stain on the floor of the master bedroom. Plaintiff then had his counsel send the defendants correspondence on March 21, 2007, informing them of his desire to void the sales agreement.

Plaintiff then filed the above-referenced complaint. The complaint sets forth several counts as follows: Count

1, fraud—rescission as to the estate of Donna Rose Cordasco, and Christine Stanley, executrix of the estate of Donna Rose Cordasco; Count 2, fraud—damages as to the estate of Donna Rose Cordasco, and Christine Stanley, executrix of the estate of Donna Rose Cordasco; Count 3, punitive damages as to the estate of Donna Rose Cordasco, and Christine Stanley, executrix of the estate of Donna Rose Cordasco; Count 4, breach of fiduciary duty/fraud as to Sue Palombo and the Howard Hanna Company; Count 5, breach of warranty as to the Howard Hanna Company; and Count 6, violation of the Unfair Trade Practices Act as to Sue Palombo and the Howard Hanna Company. As we have noted, both sets of defendants have filed preliminary objections to the complaint.

Defendants Estate of Donna Rose Cordasco and Christine Stanley (estate defendants) assert the following preliminary objections: (1) lack of personal jurisdiction over Christine Stanley in an individual capacity; (2) failure of plaintiff to elect between inconsistent remedies which cannot be maintained simultaneously; (3) demurrer to Count 3, as the claim for punitive damages is not a separately maintainable action under Pennsylvania law and must be dismissed; (4) failure to state a claim upon which relief can be granted in Counts 1, 2 and 3 of the complaint, as the suggested disclosures are not mandated under Pennsylvania law; and (5) failure to demonstrate the requirements to maintain a cause of action for fraud.

First, we will address estate defendants' assertion that plaintiff fails to state a claim upon which relief can be granted in Counts 1, 2 and 3 of the complaint. The basis

of the plaintiff's claims in Counts 1, 2 and 3 of the complaint is that the decedent's suicide in the house was a material defect in the property that required disclosure on the part of estate defendants, which was not disclosed in an updated disclosure form. Estate defendants point out that under Pennsylvania law, a known material defect of the physical aspects of the property must be disclosed by the seller. 68 Pa.C.S. §§7304(b), 7306. However, estate defendants argue that a suicide does not fall within the enumerated list of required items that must be disclosed under 68 Pa.C.S. §7304(b). Moreover, estate defendants point out that "mere silence in the absence of a duty to speak . . . cannot suffice to prove fraudulent concealment." *Baker v. Cambridge Chase Inc.,* 725 A.2d 757, 770 (Pa. Super. 1999), *appeal denied,* 560 Pa. 716, 745 A.2d 1216 (1999). (citations omitted) As such, estate defendants argue that Counts 1, 2 and 3 should be stricken from the complaint.

In Pennsylvania, "[t]o be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred." *Connor v. Archdiocese of Philadelphia,* 933 A.2d 92, 95-96 (Pa. Super. 2007). (citation omitted) Further, "[a]ny doubt should be resolved by a refusal to sustain the objections." *Id.* (citation omitted) Moreover,

"A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient. *Cardenas v. Schober,* 783 A.2d 317, 321 (Pa. Super. 2001) (citing Pa.R.C.P. 1028(a)(4)). 'Preliminary objections in the nature of a demurrer re-

quire the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer.' *Id.* at 321-22. (citation omitted) All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true. *Id.* at 321." *Hess v. Fox Rothschild LLP,* 925 A.2d 798, 805 (Pa. Super. 2007).

In this matter, the crux of the complaint is based upon the alleged fraud and misrepresentations regarding the sale of the residence in question without the disclosure of the suicide of the prior owner. However, 68 Pa.C.S. §7304 sets forth the following:

"*Section 7304. Disclosure form*

"*(a) General rule.*—A form of property disclosure statement that satisfies the requirements of this chapter shall be promulgated by the State Real Estate Commission. Nothing in this chapter shall preclude a seller from using a form of property disclosure statement that contains additional provisions that require greater specificity or that call for the disclosure of the condition or existence of other features of the property.

"*(b) Contents of property disclosure statement.*—The form of property disclosure statement promulgated by the State Real Estate Commission shall call for disclosures with respect to all of the following subjects:

"(1) Seller's expertise in contracting, engineering, architecture or other areas related to the construction and conditions of the property and its improvements.

"(2) When the property was last occupied by the seller.

"(3) Roof.

"(4) Basements and crawl spaces.

"(5) Termites/wood destroying insects, dry rot and pests.

"(6) Structural problems.

"(7) Additions, remodeling and structural changes to the property.

"(8) Water and sewage systems or service.

"(9) Plumbing system.

"(10) Heating and air conditioning.

"(11) Electrical system.

"(12) Other equipment and appliances included in the sale.

"(13) Soils, drainage and boundaries.

"(14) Presence of hazardous substances.

"(15) Condominiums and other homeowners associations.

"(16) Legal issues affecting title or that would interfere with use and enjoyment of the property." 68 Pa.C.S. §7304(a), (b).

The fact that the prior owner committed suicide in the master bedroom of the residence is not a *legal issue* that would interfere with use and enjoyment of the property. In *Colaizzi v. Beck,* 895 A.2d 36 (Pa. Super. 2006), the seller's disclosure form indicated that the sellers "were not aware of any condition that would affect the use and/or enjoyment of the property or the fair market value

and/or title of the property." *Id.* at 38. Shortly after the sale of the property, the plaintiff discovered that the property directly adjacent to his newly purchased residence was the site of a home for mentally-challenged adults. The plaintiff filed suit, asserting claims of breach of contract and violation of the Real Estate Seller Disclosure Law against the sellers, and claims of fraud and a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law against the sellers, the real estate company and the agent. Specifically, the plaintiff complained that the trial court erred in determining that the close proximity of a group home to the plaintiff's residence was not a condition of material fact that must be disclosed to a potential buyer. The Superior Court noted:

"Appellant provides no authority, and our research has disclosed none, to suggest that the requirements of section 7304(b) should be extended beyond the property which is subject to transfer to include neighboring properties. Moreover, even if we were persuaded by appellant's argument, we find that the existence of a group home for mentally-challenged adults on the adjacent property does not constitute a 'legal issue,' as contemplated by section 7304(b)(16), which would affect appellant's title to or use and enjoyment of the property.

"Finally, we note that in *Sevin v. Kelshaw,* 417 Pa. Super. 1, 611 A.2d 1232 (1992), a case cited by appellant, this court recognized that 'a vendor or his agent may be responsible for concealing the existence of an imperfection in the property *which is known to be material to the purchaser.*' *Id.* at 12, 611 A.2d at 1238. (emphasis added)

Unlike the instant case, *Sevin* concerned an easement on the property being transferred, not a characteristic of an adjacent property. Moreover, even if the holding in *Sevin* applied herein, there is no evidence that appellees were aware of appellant's desire not to live near a group home. Accordingly, even if the existence of the group home on the adjacent property could be considered an imperfection, there would be no fraudulent misrepresentation in the instant case." *Colaizzi,* 895 A.2d at 39.

Thus, the Superior Court held that the plaintiff was not entitled to recovery because the existence of a group home on adjacent property was not a "legal issue" that required disclosure and because there was no evidence that the real estate company and agent knew that the plaintiff did not want to live near a group home. *Id.* Although the factual scenario in *Colaizzi* is different from that of the case at bar because in that case the alleged imperfection dealt with an adjacent property, we find the Superior Court's reasoning is applicable here and the defendants had no duty to disclose the prior owner's suicide.

Plaintiff cannot establish fraud based upon the facts alleged. We note that in order for a plaintiff to succeed in a cause of action based upon an allegation of fraudulent misrepresentation, the plaintiff must demonstrate: "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the

reliance. W. Page Keaton, *Prosser and Keaton on the Law of Torts* §105 (5th ed. 1984). See also, Restatement (Second) of Torts §525 (1977)." *Gibbs v. Ernst,* 538 Pa. 193, 207-208, 647 A.2d 882, 889 (1994). (footnote omitted)

These elements must be demonstrated by clear and convincing evidence. *Blumenstock v. Gibson,* 811 A.2d 1029, 1034 (Pa. Super. 2002). Further,

"In real estate transactions, fraud arises when a seller knowingly makes a misrepresentation, undertakes a concealment calculated to deceive, or commits non-privileged failure to disclose. *Sewak v. Lockhart,* 699 A.2d 755, 759 (Pa. Super. 1997). 'Fraud is a generic term used to describe anything calculated to deceive, whether by single act or combination, or by suppression of truth, or suggestion of what is false, whether it be by direct falsehood or by innuendo, by speech or silence, word of mouth, or look or gesture.' *Id.* (quotation omitted)" 811 A.2d at 1034.

In this matter, plaintiff cannot demonstrate that the estate defendants misrepresented any condition of the property that was material to the sale of the house. Although plaintiff may be disturbed by the fact that a suicide occurred in the master bedroom, this does not make it a material fact. As the suicide of the prior owner is not something that is the subject of mandatory disclosure under the Real Estate Seller Disclosure Law, the defendants could not knowingly make a misrepresentation, undertake a concealment for the purpose of deceiving a buyer, or commit non-privileged failure to disclose. As such, as we have concluded that the manner of the prior

owner's death is not a legal issue that would interfere with the use and enjoyment of the property, and because estate defendants were not aware that such a fact was material to plaintiff, plaintiff cannot recover for fraudulent concealment. Thus, it is clear and free from doubt that plaintiff cannot maintain a cause of action for fraud, and Counts 1, 2 and 3 should properly be dismissed.[1] As such, the court need not address the remaining preliminary objections filed on behalf of estate defendants.

Next, we shall address the preliminary objections filed by realtor defendants. Realtor defendants assert that all of the counts of plaintiff's complaint are based upon the notion that the decedent's suicide should have been or was known to realtor defendants and therefore should have been disclosed. Realtor defendants point out that plaintiff has not averred that plaintiff advised realtor defendants prior to the entry into the agreement of sale that the manner of death of the decedent was a material fact to him. Realtor defendants further point out that given the fact that plaintiff was purchasing the property from an estate, plaintiff should have been aware of the fact that the prior owner was deceased. Realtor defendants assert that the only subject that may arguably relate

---

1. Further, we note that in Pennsylvania, there is not an independent cause of action for punitive damages. *Nix v. Temple University,* 408 Pa. Super. 369, 380, 596 A.2d 1132, 1138 (1991). Therefore, Count 3 must be dismissed for this reason; plaintiff acknowledges this in his brief in opposition to the preliminary objections filed on behalf of estate defendants.

Because we have dismissed Counts 1, 2 and 3 of the complaint by granting estate defendants' preliminary objection in the nature of a demurrer to these counts, we need not address estate defendants' remaining preliminary objections.

to plaintiff's claim under 68 Pa.C.S. §7304(b) is section 16, which deals with "legal issues affecting title or that would interfere with use and enjoyment of the property." *Id.* Realtor defendants argue that this subsection does not apply to the facts alleged, and thus assert that the manner of death of the prior owner is not a material fact that must be disclosed unless the purchaser has made it known that it would be a material fact prior to the transaction of sale. Also, realtor defendants argue that even if this court determines that the manner of death of the prior owner is a material fact that should be disclosed, plaintiff's complaint fails to assert that he justifiably relied on the misrepresentation. Further, realtor defendants note that plaintiff has failed to assert that any alleged actions or failure to act on the part of the realtor defendants served as a condition upon which plaintiff justifiably relied to purchase the house. Also, realtor defendants assert that plaintiff has not alleged that he was unable to discover the manner of the prior owner's death. Realtor defendants note that the decedent's death and the condition of the home were reasonably ascertainable upon inspection.

Moreover, realtor defendants note that the case of *Roberts v. Estate of Barbagallo,* 366 Pa. Super. 559, 569, 531 A.2d 1125, 1130-31 (1987) stands for the proposition that in order for a broker to be liable, any concealment must be intentional and must relate to material information. Realtor defendants argue that because plaintiff did not first advise them of the materiality of the manner of the prior owner's death, the nondisclosure is not material and the claims against the broker must fail. Finally, realtor defendants assert that the plaintiff's claim against realtor defendants set forth in Count 5 (breach of war-

ranty) must fail, because plaintiff fails to assert any contract between plaintiff and realtor defendants regarding a money back guarantee, and realtor defendants further contend that Count 6 (violation of the Unfair Trade Practices Act) must also be dismissed because in that count plaintiff again relies solely upon the manner of decedent's death as being a material fact.

In Count 4, plaintiff asserts that realtor defendants breached their fiduciary duty to plaintiff and committed fraud by concealing and/or not disclosing the suicide of the prior owner of the residence. We incorporate by reference herein our discussion *supra* regarding the applicability of section 16 of 68 Pa.C.S. §7304(b) and the elements of fraud with regard to estate defendants. Additionally, we note that in Pennsylvania, "a vendor or his agent may be liable not only for failure to disclose a dangerous condition but also for failure to disclose material information." *Roberts v. Estate of Barbagallo,* 366 Pa. Super. 559, 568, 531 A.2d 1125, 1130 (1987). The Pennsylvania Supreme Court has stated:

"We have recognized the tort of intentional misrepresentation and intentional concealment in the context of real estate broker liability to the buyer of residential property. See *e.g., Aiello v. Ed Saxe Real Estate Inc.,* 508 Pa. 553, 499 A.2d 282 (1985) (Real estate broker may be liable for intentional misrepresentation). See also, *Highmont Music Corp. v. J.M. Hoffmann Co.,* 397 Pa. 345, 155 A.2d 363 (1959) (recision of sale appropriate where the agent intentionally failed to disclose latent defects in real estate.)" *Bortz v. Noon,* 556 Pa. 489, 499-500, 729 A.2d 555, 560-61 (1999).

Further, we note that liability may be imposed pursuant to section 550 of the Restatement (Second) of Torts, which provides:

"Section 550. Liability for fraudulent concealment

"One party to a transaction who by concealment or other action intentionally prevents the other from acquiring material information is subject to the same liability to the other, for pecuniary loss as though he had stated the nonexistence of the matter that the other was thus prevented from discovering." Restatement (Second) of Torts, §550.

Moreover, "[l]iability under this section is encompassed by the Supreme Court's rule that fraud may arise by: (1) the making of a knowingly false representation of fact; (2) an intentional concealment of true facts which is calculated to deceive the other party; or (3) a nonprivileged failure to disclose certain facts to the other party." *Roberts,* 366 Pa. Super. at 569, 531 A.2d at 1130 (citing *DeJospeh v. Zambelli,* 392 Pa. 24, 139 A.2d 644 (1958)). The Superior Court in *Roberts* further noted: "[a]n agent, however, may be liable to an injured third party for his own deceit in a transaction on behalf of his principal." *Id.* (citation omitted)

Here, we again note that plaintiff's argument is based upon the premise that the violent manner of the prior owner's death was a material fact to the sales transaction. As discussed *supra,* the prior owner's suicide is not a material fact subject to disclosure, and therefore, Count 4 must be dismissed. Again, as noted *supra,* 68 Pa.C.S. 7304(b)(16) is inapplicable because the suicide of the

prior owner is not a *legal issue* that would interfere with the use and enjoyment of the residence.

In Count 5, plaintiff alleges breach of warranty. Specifically, plaintiff asserts that defendant Howard Hanna advertises through the media that it offers a "100 percent money back guarantee." Complaint, ¶¶69-70. Further, plaintiff asserts that this guarantee constitutes a warranty of plaintiff's satisfaction with the residence he purchased. Realtor defendants assert that plaintiff fails to allege any relation by contract or otherwise between plaintiff and realtor defendants that would entitle plaintiff to recover for breach of warranty.

Here, plaintiff has not set forth any factual basis to demonstrate that any specific promises regarding a guarantee made by defendant Howard Hanna became the basis of the bargain for the particular sales transaction in question. Although plaintiff pleads that defendant Howard Hanna offers a "100 percent money back guarantee," this does not mean that such a guarantee was applicable to the case at bar, and plaintiff fails to specifically plead that there was any express contract or statements made by realtor defendants to the effect that such a guarantee applied to the instant sales transaction. Thus, we shall give plaintiff 20 days from the date of notice of this order to amend Count 5 of the complaint to set forth how or in what manner the "100 percent money back guarantee" offered by defendant Howard Hanna is applicable to this particular sales transaction.

Next we shall consider realtor defendants' demurrer to Count 6 of the complaint, which alleges a violation of Pennsylvania's Unfair Trade Practices and Consumer

Protection Law, 73 P.S. §201-1 et seq. Specifically, plaintiff complains that Ms. Palombo engaged in an unfair trade practice by purposely concealing a blood stain on the carpeting of the master bedroom with a piece of matching carpeting. Further, plaintiff asserts that realtor defendants engaged in unfair trade practices by failing to provide an updated seller disclosure statement setting forth the manner of the prior owner's death, and for failing to honor the "100 percent money back guarantee" set forth in Howard Hanna's advertising. Plaintiff alleges that these violations constitute unfair or deceptive practices in accordance with 73 P.S. §201-2, as follows:

"(4) *'Unfair methods of competition'* and *'unfair or deceptive acts or practices'* mean any one or more of the following: . . .

"(vii) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another; . . .

"(xiv) Failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of goods or services is made; . . .

"(xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. §201-2(4)(vii), (xiv), (xxi).

With regard to the UTPCPL, our Superior Court has determined: "[a]n individual who purchases goods, including real estate, may bring a private action to recover damages caused by another's 'act or practice declared unlawful' by the UTPCPL." *Skurnowicz v. Lucci,* 798 A.2d 788, 794 (Pa. Super. 2002) (citing 73 P.S. 201-

9.2). As to plaintiff's claim that realtor defendants acted in an unfair or deceptive manner by "[r]epresenting that the goods are of a particular standard, quality or grade . . . ," we note that plaintiff claims that the agent "knew or should have known a massive blood stain was purposely hidden by covering it with a piece of carpeting identical to the surrounding carpeting . . . ." Complaint, ¶74. However, as noted *supra,* there is no requirement under the Real Estate Seller Disclosure Law that mandates that a seller disclose a prior owner's suicide. Further, allegedly covering up a blood stain on carpeting with a matching piece of carpeting does not rise to the level of representing that the house was "of a particular standard, quality or grade . . . ," especially when such a factor is not a material defect under 68 Pa.C.S. §7304(b). The carpeting itself may have had a material defect, but the carpeting can be replaced, so there could not be a defect in the house.

Finally, we note that in order for a claim to be actionable under the "catchall" provision of the UTPCPL (section 73 P.S. §201-2(4)(xxi), formerly 73 P.S. §201-2(4)(xvii)), "a plaintiff must prove the elements of common-law fraud." *Sewak v. Lockhart,* 699 A.2d 755, 761 (Pa. Super. 1997).[2] We have concluded that plaintiff has not set forth elements demonstrating a prima facie case of

---

2. We recognize that the Superior Court decisions on this issue have been criticized because they were decided subsequent to the 1996 amendments to the UTPCPL and failed to discuss the effect of the amendments. See *eg., Commonwealth v. Percudani,* 825 A.2d 743 (Pa. Commw. 2003). However, until the Superior Court changes the rule, we are bound to follow it.

fraud, and so he cannot recover under section 201-2(4) (xxi) of the UTPCPL.

Thus, we shall reject plaintiff's claims under the UTPCPL, except for plaintiff's allegation in paragraph 76 of the complaint, wherein plaintiff avers that failing to honor the 100 percent money back guarantee constitutes a deceptive or unfair trade practice. As set forth *supra* in our discussion regarding Count 5, we shall grant plaintiff 20 days from the date of notice of this order to amend the complaint to set forth how or in what manner the "100 percent money back guarantee" offered by defendant Howard Hanna is applicable to the sales transaction at hand.

An appropriate order is attached.

## ORDER

And now, upon review of the preliminary objections in the nature of a demurrer to Counts 1, 2 and 3 of the complaint filed on behalf of the estate of Donna Rose Cordasco and Christine Stanley, it is hereby ordered and decreed that the preliminary objections are sustained and those counts are dismissed from the complaint. As to the preliminary objections in the nature of a demurrer to Counts 4, 5 and 6 of the complaint filed on behalf of Sue Palombo and the Howard Hanna Company, it is hereby ordered and decreed that the preliminary objection to Count 4 of the complaint is sustained. The preliminary objections in the nature of a demurrer to Counts 5 and 6 of the complaint are overruled. However, plaintiff shall have 20 days from the date of notice of this order to amend the complaint in conformity with the attached

opinion. Should such an amendment not be filed, then the preliminary objections will be sustained by separate order and Counts 5 and 6 will likewise be dismissed.