

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-13-2009

# Anand Munsif v. Christine Cassel

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1418

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Anand Munsif v. Christine Cassel" (2009). *2009 Decisions.* Paper 1370.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1370

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1418
_____

ANAND MUNSIF,
                                          Appellant

v.

CHRISTINE K. CASSEL, MD; DONALD E. WESSON, MD;
RICHARD J. BARON, MD; KENNETH S. POLONSKY, MD;
ERIC S. HOLMBOE, MD; F. DANIEL DUFFY, MD, ET AL.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 07-cv-03805)
District Judge:  Honorable Juan R. Sanchez

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 24, 2009

Before: McKEE, HARDIMAN and ROTH, <u>Circuit Judges</u>

(Opinion filed: May 13, 2009)

_____

OPINION
_____

PER CURIAM

     Anand Munsif, M.D., appeals <u>pro</u> <u>se</u> from the order of the United States District

Court for the Eastern District of Pennsylvania dismissing his complaint against the

defendants, officers of the American Board of Internal Medicine ("ABIM"), for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

We assume the parties' familiarity with the facts, as set forth by the District Court in its dismissal order. Munsif's allegations pertain to his attempts to register for the re-certification examination in Internal Medicine in 2007, and to the events that transpired on the day he took the exam on June 1, 2007. As Munsif explained at an oral hearing held by the District Court for the purpose of clarifying his allegations and claims, he called the ABIM office several times in April and May 2007, to determine whether it had received his registration fee. Each time, the ABIM representative told him that his fee was being processed. In an abundance of caution, he sent a payment by express mail, but by the time it reached the ABIM, the ABIM had already cancelled his registration. According to Munsif, the ABIM cancelled his registration for the May exam because he was late in paying the registration fee, but he was only late because the ABIM representative kept telling him that his fee was being processed. He began to wonder why no one at the ABIM bothered to investigate whether his check truly was being processed. He thought everything was worked out when he arrived at the exam facility on June 1, only to be told once again that his registration had been cancelled. This time, however, he was sure that the ABIM had accepted his fee and had approved his registration for the June exam. He claims that the cancellation of his registration in May and June created a

2

pattern of activity on the defendants' part indicating that they did not want him to take the exam. The defendants "either did not run things properly or they are malicious to me, one of the two things. . . . And the question is why? And that is why I am here."

The second set of allegations pertain to poor test-taking conditions at the Lancaster facility on June 1, 2007. Munsif was the only physician taking an exam at the Lancaster facility.[1] He blames the defendants for creating distractions during the test-taking process that may have reduced the number of correct answers he gave. He alleges that the defendants' actions were motivated by vindictiveness or were plainly incompetent. He accuses the defendants of using information on his performance on the preliminary exam to plot just how much they needed to distract him in order to make him fail the day-long exam in June. The facility they picked for the test, for instance, had no cafeteria and no accessibility to snacks, tea or coffee. He had to go outside in the sweltering hot weather and walk uphill about three blocks to get coffee or tea. He had to sit on a bare metal chair while the examiners decided whether to let him take the exam or not. He claims that he was not treated the same as other candidates because he was the only one who had his registration cancelled twice and he was the only one who took the exam at the Lancaster facility. He questioned whether all versions of the ABIM's re-certification exam were equal or equivalent to each other. He called on the defendants to prove that the ABIM's

---

[1] According to Munsif, the other test-takers at the Lancaster facility were not physicians.

test questions were valid.

Munsif claims that he did not fail the exam, and if he did, he acknowledges that he needs to retake it. But he says that the defendants have bureaucratic procedural problems that would take several years to fix and he is not willing to wait for them to resolve their problems. He also asserts that the ABIM is acting like a monopoly, driving out competitors for the continuing medical education business by charging far less than Harvard, the Mayo Clinic, or the Cleveland Clinic for comparable continuing education programs.

Munsif claims that the defendants were negligent or grossly negligent, committed fraud, and violated the Racketeer Influenced and Corrupt Organization Act ("Civil RICO"), federal antitrust laws, and his civil rights. He seeks equitable relief and damages for loss of income and for the professional embarrassment the defendants caused him.[2]

The procedural history is well known to the parties, the relevant aspects of which we will summarize here. Munsif filed his complaint in September 2007, and the defendants filed a motion to dismiss pursuant to Rule 12(b)(6). Munsif filed a motion to

---

[2] Munsif seeks a District Court order allowing him to take the exam at the earliest possible opportunity under the supervision and monitoring of the District Court, not the ABIM. He wants the defendants to prove by clear and convincing evidence that their diversionary tactics in May and June 2007, had no effect on his performance at the June 1, 2007 exam. If the defendants fail to meet their burden of proof, then he asks that the District Court declare his June 2007 test results null and void. He wants the defendants to confirm the lack of racial bias in re-certification test questions. He seeks the District Court's long term oversight and review of the re-certification process. And, he asks that the defendants be given appropriate punishment.

4

amend his complaint to add the ABIM as a defendant, which the defendants opposed. On January 4, 2008, the District Court held a hearing for the purpose of clarifying Munsif's claims. On January 7, 2008, the District Court granted the defendants' Rule 12(b)(6) motion and dismissed Munsif's complaint for failure to state a claim upon which relief can be granted. The District Court held that Munsif's conclusory allegations and baseless legal conclusions were insufficient to state a claim for relief and that Munsif failed to show a harm that entitles him to a legal remedy. The District Court denied all pending motions as moot and closed the case. Munsif filed a timely appeal. He filed a post-judgment motion, which the District Court denied on February 11, 2008. Thereafter, he filed a "motion to change judgment order of 2/11/08," which the District Court denied for lack of jurisdiction due to the pending appeal.[3]

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review for a dismissal under Fed. R. Civ. P. 12(b)(6) is de novo. See Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2007). In considering a Rule 12(b)(6) motion, a court is required to "accept all factual allegations as true, construe the complaint in the light most

---

[3] In his Informal brief, Munsif states that he appeals from three orders: the dismissal order, the order denying his motion to vacate pursuant to Rule 60(b), and the order denying his "Motion to Change Judgment Order of 2/11/08." We have jurisdiction to review Munsif's appeal of the order dismissing his complaint pursuant to Rule 12(b)(6). The District Court denied the Rule 60(b) motion on the merits on February 11, 2008. On February 25, 2008, the District Court denied the "motion to change judgment order" for lack of jurisdiction because Munsif filed the motion after he filed the notice of appeal. Munsif did not file notices of appeal from the orders entered on February 11 or on February 25, 2008, and thus, we lack jurisdiction to consider them.

5

favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips, 515 F.3d at 233 (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2007)). See also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1969 n. 8 (2007). "'[S]tating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips, 515 F.3d at 234 (quoting Twombly, 127 S.Ct. at 1965). Stated differently, the "[f]actual allegations [of the complaint] must be enough to raise a right to relief above the speculative level." [4] Id.

Having carefully reviewed the record and the parties' submissions, we conclude that judgment was properly entered in favor of the defendants, but for different reasons than those set forth by the District Court.[5] See Hughes v. Long, 242 F.3d 121, 122 n. 1 (3d Cir. 2001) (holding that a District Court judgment may be affirmed on grounds other than those considered by the District Court itself). We accept as true Munsif's factual allegations detailing the events leading up to the cancellation of his registration for the May and June re-certification exams and the conditions under which he took the exam at

---

[4] We note that while this case involves a motion to dismiss under Rule 12(b)(6), we may consider statements made by Munsif at oral argument to clarify any allegations in the Complaint that were unclear. See Maio v. Aetna Inc., 221 F.3d 472, 485 n. 12 (3d Cir. 2000) (citing Pegram v. Herdrich, 530 U.S. 211, 230 n. 10 (2000)).

[5] The District Court denied Munsif's motion to amend his complaint to add the ABIM as a defendant. We conclude that the District Court did not err in denying the motion. The proposed amendment would have been futile as it failed to cure the essential defects in the complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

6

the Lancaster facility in June 2007. A claim alleging a pattern of racketeering under Civil RICO, 18 U.S.C. § 1962(c), requires proof of four elements: (1) the existence of an enterprise engaged in or affecting interstate commerce; (2) that the defendant was employed by or associated with the enterprise; (3) that the defendant participated, directly or indirectly, in the conduct or the affairs of the enterprise; and (4) that the defendant participated through a pattern of racketeering activity that must include the allegation of at least two racketeering acts. Annulli v. Panikkar, 200 F.3d 189, 198 (3d Cir. 1999). Assuming, arguendo, that Munsif's allegations were sufficient to suggest the first three elements of a Civil RICO claim, we conclude that the allegations do not suggest a plausible claim on the fourth element as a matter of law. To plead a pattern of racketeering activity, a plaintiff must aver, among other things, that each defendant committed at least two acts of prohibited racketeering activity, and that the predicate acts amount to or pose a threat of continued criminal activity. H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 240 (1989). All predicate acts are, by definition, crimes. See 18 U.S.C. § 1961(1) (defining "racketeering activity" as any act chargeable under state criminal laws or any act indictable under federal laws). None of the alleged racketeering acts amounts to crimes under state or federal law.[6] And thus, we conclude

_____

[6] Munsif alleges the following racketeering acts, as summarized in the Appendix at 358: he failed the exam in 1997 or 1998; telephone calls occurring in March and April 2007 in which he was not told by an ABIM employee about the true status of his registration payment; revocation of his registration for the May and June 2007 re-certification exams; "bad examination content"; ABIM's notices in 2003 or 2004 and

7

that Munsif failed to state a Civil RICO claim. Marshall-Silver Constr. Co. v. Mendel, 894 F.2d 593, 5989 (3d Cir. 1990) (holding that, when the allegations of the complaint, taken as true, do not support the existence of either long-term criminal conduct or the threat thereof, dismissal is appropriate).

As for the negligence and gross negligence claims, we need not determine whether Pennsylvania or New Jersey law applies because we can draw no reasonable inference from the well-pleaded facts that the defendants breached any legally cognizable duty of care that they owed to Munsif under Pennsylvania or New Jersey law. See Cooper v. Frankford Health Care System, Inc., 960 A.2d 134, 144 (Pa. Super. 2008) (elements of a negligence claim); Weinberg v. Dinger, 106 N.J. 469, 484, 524 A.2d 366 (N.J. 1987) (same). Thus, his common law negligence (and, consequently, his gross negligence claims) must fail as a matter of law. Munsif's fraud allegations are legally insufficient to suggest the elements of common law fraud under Pennsylvania or New Jersey law. See Colaizzi v. Beck, 895 A.2d 36, 39 (Pa. Super. 2006); Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (N.J. 1997).

Munsif's assertion of possible racial bias in the ABIM's re-certification tests fails to state a civil rights claim under 42 U.S.C. § 1983, as there is no allegation from which we can infer that the defendants, individually or as agents of ABIM, acted under color of

---

2007 to the state Disciplinary Board regarding Munsif; and ABIM's failure to comply with Munsif's request that he re-take the exam under the District Court's supervision.

8

state law.  See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982); see also, Goussis v. Kimball, 813 F.Supp. 352, 357-58 (E.D. Pa. 1993) (holding that the ABIM, a private educational and scientific nonprofit corporation which prepared and administered test for board certification for medical subspecialties of internal medicine was not a "state actor" for purposes of § 1983).

Munsif's allegation that the defendants monopolize the continuing medical education market because ABIM undercharges for its continuing medical education programs, effectively undercutting its competitors, fails to suggest that the defendants engaged in restraint of trade under the Sherman Act, 15 U.S.C. § 1, or that it monopolized or attempted to monopolize the market under 15 U.S.C. § 2.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-66 (2007).  See also, Gordon v. Lewistown Hosp., 423 F.3d 184, 208, 214-15 (3d Cir. 2005) (listing elements of claims under 15 U.S.C. §§ 1 and 2).

Munsif argues that the District Court erred in failing to consider "substantial information" that he submitted after the oral hearing.  We find no support in the record for such a claim.  The docket indicates that between January 4, 2008, and February 5, 2008 (when the notice of appeal was filed), Munsif sent numerous letters to the court, filed a motion to vacate under Fed. R. Civ. P. 60(b), accompanied by a supporting memorandum of law (attaching his complaint to the Pennsylvania Supreme Court Disciplinary Board about the defendants' attorneys), filed a memorandum of law to deny

9

a motion that the defendants had filed in December 7, 2008, and four exhibits (depicting the distance between the exam site and the closest food store and a list of foods that are available at other test sites). Upon careful review of the record, we conclude that none of the information provided by Munsif in these various filings was sufficient to state a claim upon which relief can be granted as a matter of law.

Accordingly, we will affirm the District Court's judgment.