**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1774
_____

STEPHEN NKANSAH,
Appellant

v.

KLEINBARD LLC; EDWARD M. DUNHAM, JR.; ERIC J. SCHREINER
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(Civ. No. 2-19-cv-04472)
U.S. District Judge: Honorable Timothy J. Savage
_____

Argued on February 11, 2022
_____

Before:  GREENAWAY, JR., SCIRICA, and COWEN, *Circuit Judges*,

(Opinion Filed: March 22, 2022)

Alan L. Frank [**ARGUED**]
Samantha A. Millrood
Alan L. Frank Law Associates
135 Old York Road
Jenkintown, PA 19046
        *Attorneys for Plaintiff – Appellant*

Jeffrey B. McCarron [**ARGUED**]
Swartz Campbell
One Liberty Place
1650 Market Street, 38th Floor
Philadelphia, PA 19103
        *Attorney for Defendants – Appellees*

———————

OPINION*
———————

GREENAWAY, JR., *Circuit Judge*.

This suit has a complicated history. A business deal that allegedly went wrong. Was the Appellant's investment put where it should have been? No matter. Appellant now seeks a reversal of fortune. Now he presses his claim that his attorneys engaged in legal malpractice because he lost below.

Stephen Nkansah ("Appellant") commenced this suit against Kleinbard LLC, Edward M. Dunham, Jr., and Eric J. Schreiner (collectively, "Appellees"). Appellant alleged a legal malpractice claim based on Appellees' representation of him in an underlying action involving fraud claims (the "Underlying Action"). Appellees filed a motion for summary judgment on the legal malpractice claim, arguing that Appellant had not proven that he would have prevailed in the Underlying Action.

Following briefing on the summary judgment motion, Appellant filed a Rule 44.1 motion pursuant to the Federal Rules of Civil Procedure. He asserted that the District Court should apply implied confessions under Colombian law to its analysis. The

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

District Court disagreed and denied Appellant's motion. It also granted summary judgment in Appellees' favor.

We will affirm the District Court's rulings. Appellees' motion for summary judgment was correctly granted because Appellant failed to raise a genuine dispute of material fact showing that he would have prevailed on his malpractice claim. Appellant's Rule 44.1 motion similarly lacked merit.

I.   **BACKGROUND**

A.   Underlying Action

Appellees represented Appellant in the Underlying Action, *Nkansah v. Aiyegbusi et al.*, (E.D.Pa. No. 16-00587), against Dotun Aiyegbusi, Byron Drayton, Robert Towns, and Robert Lee Williams (collectively, the "Underlying Defendants") in federal court before Judge Pratter (the "Underlying District Court"). Appellant alleged that the Underlying Defendants committed fraud in connection with his investment in Wazzoo Juices, a Colombian beverage company. Specifically, he alleged Underlying Defendants Towns, Aiyegbusi, and Drayton fraudulently used money he gave them that was intended as an investment in Wazzoo Juices for a related company named Wazzoo Beverages. In the alternative, Nkansah alleged that they knew about the misappropriation of his funds and failed to inform him.

The Underlying Defendants moved for summary judgment. In a Rule 56(d) supplemental response opposing summary judgment, Appellant, through Appellees as counsel, asked the Underlying District Court to defer ruling on the summary judgment motion so that an audit of Wazoo Beverages and Wazoo Juices could be conducted to

3

obtain financial documents showing how Appellant's money was spent. Although Appellees had requested financial documents from Underlying Defendant Towns, Towns had refused to produce any responsive documents and claimed he did not have them in his possession. And after Towns refused, Appellees did not file a motion to compel production of the documents or attempt to issue subpoenas to obtain the documents from the companies themselves.

The Underlying District Court found that

Because [Appellant] did not wish to comply with certain governmental requirements for wiring money to invest in Colombian businesses, he could not wire the money directly to Wazzoo Juices. So, instead, on one occasion, he wired money to Dotun Aiyegbusi, another investor in Wazzoo Juices and Wazzoo Beverages. Mr. Aiyegbusi then immediately re-wired the money to Wazzoo Juices. On two other occasions, Mr. Nkansah asked Mr. Drayton to wire money to Wazzoo Beverages to be transferred to Wazoo [sic] Juices, and Mr. Drayton obliged. Mr. Nkansah also indirectly provided money to Wazzoo Juices by, for instance, retaining a British firm, Venner Shipley, to file the Wazzoo Juices trademark in Europe and by paying for the design for Wazzoo Juices' website. Throughout this period, Mr. Nkansah was in constant contact with Mr. Towns.

JA52-53. The Underlying District Court then rejected Appellant's request to conduct the audit, finding that Appellant "fail[ed] to demonstrate that Mr. Towns, the individual, ha[d] custody or control over the documents in question" and that Appellant's "lack of diligence in seeking this discovery before the eleventh hour of this litigation . . . doom[ed]" the request. JA59.

The Underlying District Court similarly rejected Appellant's argument that there was a genuine dispute of material fact concerning the fraud claim. It characterized as ambiguous deposition testimony, indicating that "if [Mr. Towns used Juices money for Beverages], [it was] only $15,000." JA57. The Underlying District Court reasoned that

4

this equivocal statement coupled with the fact that Appellant had not received the financial documents he requested did not raise genuine disputes of material fact. *Id.*

### B.   Colombian Proceedings

Following the grant of summary judgment in the Underlying Defendants' favor, Appellant retained a Colombian law firm to obtain financial documents supporting his assertion that the invested funds were not deposited in the appropriate accounts. The Thirteenth Civil Circuit Court of Medellín held a hearing concerning the documents on August 3, 2018. The Underlying Defendants did not appear; however, a representative of Wazzoo Beverages and Wazzoo Juices, Jorge Restrepo, was present. During the hearing, Restrepo testified that the money Appellant had invested "may have entered the BEVERAGES account," but that it was nevertheless used as directed by Appellant— (*i.e.*, the invested funds ended up in the Juices account). JA304-05. Ultimately, however, Restrepo did not provide any financial records from Wazzoo Beverages or Wazzoo Juices corroborating his testimony.

### C.   The Instant Case

Undeterred, Appellant commenced the instant suit against Appellees, his attorneys in the underlying action, bringing claims for breach of contract, breach of fiduciary duty, and legal malpractice. Subsequently, Appellees filed a motion to dismiss, which resulted in a dismissal of Appellant's breach of contract and breach of fiduciary duty claims.[1]

---

[1] The District Court concluded that Appellant's breach of contract claim was really a legal malpractice claim. *See* 2:19-cv-04472, ECF 32 at 10. In addition, it concluded that Appellant failed to establish breach of fiduciary duty because Appellant had not alleged

With only the legal malpractice claim remaining, Appellees then filed a summary judgment motion, arguing that Appellant had not established actual loss. **JA3.** In other words, he had not proven that he would have prevailed in his Underlying Action as required by Pennsylvania law.

Following briefing on the summary judgment motion, Appellant filed a Rule 44.1 motion, which argued that implied confessions pursuant to Colombian law applied to this case.[2] Specifically, the Rule 44.1 motion was accompanied by a declaration from Juan Felipe Morales Acosta (the "Acosta Declaration"), a Colombian attorney. The Acosta Declaration explained that "the unjustified non-attendance of the requested party to the interrogatory hearing, his/her reluctance to answer the assertive (yes/no) questions posed, or his/her evasive answers, have the effects of an implied confession of the facts that are subject to be confessed." JA226. Thus, Acosta concluded that because the Underlying Defendants "did not attend and did not justify their non-attendance . . . such defendant[s] implicitly confessed the facts" indicating that they defrauded Appellant. JA229-30, 312-318. Appellant in turn argued that these implied confessions were sufficient to prove that he would have prevailed in the Underlying Action; as such, summary judgment was not appropriate.

---

bad faith, rather his allegations simply supported an inference that the defendants breached their duty of care. *Id.* at 14.

[2] Rule 44.1 permits parties to raise an issue of foreign law and allows district courts to make a determination of foreign law. *See* infra at 12-13.

At oral argument before the District Court, Appellant made two additional arguments. He argued that previously produced wire transfers proved his fraud claims because they showed some of his funds were deposited into a Wazzoo Beverages bank account. He also asserted that previously produced email evidence showed that Underlying Defendant Towns had possession of Wazzoo Beverages and Wazzoo Juices financial documents and therefore, Appellees should have moved to compel production of those documents. Had Appellees done so, Appellant contends he would have been entitled to an adverse inference because Underlying Defendant Towns had refused to produce those documents in the Underlying Action.

The District Court first denied Appellant's Rule 44.1 motion, concluding that it impermissibly sought to make factual determinations, not substantive determinations of foreign law as is permissible under Rule 44.1. The District Court then granted summary judgment in Appellees' favor. It reasoned that Appellant could not prove that he would have prevailed in the Underlying Action because: (1) testimony in the Colombian proceeding showed Appellant was not a record shareholder; (2) Restrepo testified that though Appellant's money was initially deposited into the Wazzoo Beverages account, it was invested as per Appellant's instructions; (3) Appellant's wire transfer evidence did not dispute Restrepo's testimony that the funds were used for their intended purpose; and (4) Appellant's expert witness, Kenneth J. Zoldan's, Esq., testified Appellant could have won his case, not that he would have. Appellant timely appealed.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We conduct plenary review of a district court's grant of summary judgment. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We draw all reasonable inferences from the record in favor of the nonmoving party. *MBIA Ins. Corp. v. Royal Indem. Co.*, 426 F.3d 204, 209 (3d Cir. 2005). We also conduct plenary review of a district court's denial of a Rule 44.1 motion. *See Hay Grp. Mgmt., Inc. v. Schneider*, 965 F.3d 244, 249 (3d Cir. 2020).

## III. DISCUSSION

Under Pennsylvania law, to prevail on a legal malpractice claim, a plaintiff must prove that "he had a viable cause of action against the party he wished to sue in the underlying case and that the attorney he hired was negligent in prosecuting or defending that underlying case (often referred to a[s] proving a 'case within a case')." *Poole v. W.C.A.B. Warehouse Club, Inc.*, 810 A.2d 1182, 1184 (Pa. 2002) (quoting *Kituskie v. Corbman*, 714 A.2d 1027, 1030 (Pa. 1998)). Put differently, a plaintiff must establish three elements: (1) the attorney owed the plaintiff a duty; (2) the attorney failed to exercise ordinary skill and knowledge; and (3) the plaintiff suffered actual loss as a result of the attorney's negligence. *Kituskie*, 714 A.2d at 1030. Expert testimony is required "to establish the standard of care . . . where it would help the finder of fact understand an

8

issue that is beyond the knowledge of the average person." *Rizzo v. Haines*, 555 A.2d 58, 66 (Pa. 1989) (citation omitted).

The Supreme Court of Pennsylvania has held that actual loss is a threshold issue and "an essential element to this cause of action." *Kituskie*, 714 A.2d at 1030. To satisfy this element, a plaintiff must "establish by a preponderance of the evidence that he would have recovered a judgment in the underlying action." *Id.* Actual loss, accordingly, cannot be satisfied by speculative or remote harm, but a plaintiff need not precisely calculate the value of their damages. *Id.* "It is only after the plaintiff proves he would have recovered a judgment in the underlying action that the plaintiff can then proceed with proof that the attorney he engaged to prosecute or defend the underlying action was negligent" and that such "negligence was the proximate cause of the plaintiff's loss." *Id.*

In the Underlying Action, Appellant alleged that the Underlying Defendants fraudulently used money that was intended to be invested in Wazzoo Juices for Wazzoo Beverages or that they knew about the misappropriation of these funds and failed to inform him. The Underlying District Court concluded that Appellant had not established a material misrepresentation—the first element of fraud under Pennsylvania law[3]— because he had not offered sufficient evidence to show that his money was used for

---

[3] To establish fraud under Pennsylvania law, "a plaintiff must prove: "(1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a proximate result." *Colaizzi v. Beck*, 895 A.2d 36, 39 (Pa. 2006). "The party alleging fraud in Pennsylvania has the burden of proving the same by clear and convincing evidence." *Off. of Disciplinary Couns. v. Kiesewetter*, 889 A.2d 47, 54 n.5 (Pa. 2005).

anything other than Wazzoo Juices. To succeed on his legal malpractice claim, then, Appellant must establish by a preponderance of the evidence that but for Appellees' purported negligence, he would have been able to offer evidence showing that his investment was not solely used for Wazzoo Juices.

Appellant first argues that Appellees should have moved to compel Underlying Defendant Towns to produce the financial records for Wazzoo Beverages and Wazzoo Juices. Since Underlying Defendant Towns had refused to produce the records in the Underlying Action, Appellant contends he would have been entitled to an adverse inference because the record contains several emails indicating that Underlying Defendant Towns had the financial documents in his possession. This argument fails because Appellant has not demonstrated that he would have prevailed on his motion to compel production from Underlying Defendant Towns, who was sued in an individual capacity as a shareholder of Wazzoo Beverages and Wazzoo Juices. Nor has he shown that prevailing on the motion would have resulted in succeeding on his fraud claim.

Second, Appellant argues that Appellees should have presented wire transfer records that demonstrate that his funds were deposited in the Wazzoo Beverages account. Given Restrepo's testimony that these funds were only temporarily deposited in the Wazzoo Beverages account, he contends that the District Court should have concluded there was a genuine dispute of material fact as to whether he would prove his case within a case. This argument likewise fails.

As an initial matter, at oral argument Appellant's counsel conceded that some of Appellant's investment was used for Wazzoo Juices. In particular, the wire transfer

10

evidence shows Appellant transferred $20,100 to Underlying Defendant Aiyegbusi, who in turn transferred $20,000 to Bancolombia, listing Wazzoo Juices as the beneficiary.[4] JA236-37, 243. In addition, Appellant transferred $14,120 to Organizacion Radial and listed Wazzoo Juices Radio AD as the beneficiary. Appellant also made two transactions with third parties totaling $4,207 for services for Wazzoo Juices—one of which was for website design and the other of which was for a trademark. JA236, JA240-41. Since $38,327 in fact went to Wazzoo Juices, it cannot form the basis of a fraud claim.

Even if we focus on the remaining funds that Appellant initially transferred to Underlying Defendant Drayton (approximately $70,000) there is no suggestion that the money went somewhere other than where it was supposed to go.

Concerning these remaining funds, the Underlying District Court found that "[o]n two . . . occasions, Mr. Nkansah asked Mr. Drayton to wire money to Wazzoo Beverages to be transferred to Wazoo Juices, and Mr. Drayton obliged." JA52. At oral argument, Appellant's counsel conceded that Appellant was not challenging this finding. However, even if Appellant had, his argument that the wire transfer evidence would have enabled him to prevail on his underlying fraud claim nevertheless fails. The wire transfer evidence does not show how these investment funds were spent. JA236. Thus, without more information concerning disposition of the investments that were initially transferred to Underlying Defendant Drayton, we cannot conclude that Appellant would have

---

[4] The wire transfer evidence does not explain the $100 discrepancy between these amounts.

11

prevailed on his fraud claim but for the Appellees' failure to present the wire transfer evidence to the Underlying District Court.

Third, Appellant argues that the District Court should have granted his Rule 44.1 motion and by extension, should have applied to its actual loss analysis (*i.e.*, the case within a case analysis) the implied confessions under Colombian law indicating that the Underlying Appellees had used his investments for impermissible purposes.

Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure,

> A party who intends to raise *an issue about a foreign country's law* must give notice by a pleading or other writing. *In determining foreign law*, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination *must be treated as a ruling on a question of law*.

Fed. R. Civ. P. 44.1 (emphasis added). Rule 44.1 explicitly concerns determinations of foreign law, not facts. *See id.*; *see also Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 440 (3d Cir. 1999) ("Federal Rule of Civil Procedure 44.1 controls determinations of foreign law in federal court.")[5]

Here, neither Colombian substantive nor procedural law is at issue. Rather, this case concerns legal malpractice and fraud claims arising under Pennsylvania law, and the

---

[5] In *Bel-Ray*, we declined to apply foreign law when the party seeking its application "ha[d] not raised the issue of whether [foreign] contract law applie[d] to its claim." 181 F.3d at 341. By contrast, we have made determinations of foreign law when a party's claim depended on foreign law and foreign law was explicitly raised. *See e.g.*, *Hay Grp. Mgmt., Inc. v. Schneider*, 965 F.3d 244, 249 (3d Cir. 2020) (involving a determination on whether the plaintiff's claims were precluded by a foreign proceeding). Indeed, parsing whether a proffered document satisfies Rule 44.1 would only be necessary "[w]hen foreign law is relevant to a case instituted in a federal court." *Animal Sci. Prod., Inc. v. Hebei Welcome Pharm Co.*, 138 S. Ct. 1865, 1869 (2018).

12

Federal Rules of Civil Procedure apply. Although the Underlying Action involves foreign entities, none of the claims or defenses at issue here implicate or otherwise turn on Colombian law. There is no foreign agreement between the parties, and the production of documents in the Underlying Action was not governed by Colombian law. Most important, nothing in the record purports to assert definitively that the allegedly relevant documents actually exist.

Furthermore, Rule 44.1 affidavits may not make factual determinations. The Acosta Declaration, however, attempts to put forth facts. *See* JA226 ("[T]he unjustified non-attendance of the requested party to the interrogatory hearing, his/her reluctance to answer the assertive (yes/no) questions posed, or his/her evasive answers, have the effects of *an implied confession of the facts* that are subject to be confessed.") (emphasis added); JA229-30 (The other defendants . . . did not attend and did not justify their non-attendance . . . . Therefore, *such defendant[s] implicitly confessed the facts* that we intended to prove with their declarations . . . .") (emphasis added). The District Court therefore correctly denied Appellant's motion.

Separately, Appellant's expert testimony further supports the conclusion that he has not proven his case within a case. During his deposition, Zoldan (Appellant's expert) testified that Appellant could have won his case but for Appellees' negligence, not that he would have won his case. Indeed, on numerous occasions during his expert deposition, Zoldan testified that Appellant "could have succeeded" and confirmed that he was "not saying that [he] would have succeeded." JA119.

13

Appellant argues that Zoldan's expert report, which concluded that Appellant "would have survived summary judgment and, ultimately, prevailed at trial," JA275, was sufficient to overcome summary judgment. He contends that the District Court should have viewed Zoldan's expert report, his deposition testimony, and his affidavit accompanying the summary judgment motion in the light most favorable to him as the non-moving party and concluded that there was a genuine dispute of material fact as to the conclusions of his own expert. This argument is meritless. As we concluded in *Daubert v. NRA Grp.*, "[w]hen a nonmovant's affidavit contradicts earlier deposition testimony without a satisfactory or plausible explanation, a district court may disregard it at summary judgment in deciding if a genuine, material factual dispute exists." 861 F.3d 382, 391 (3d Cir. 2017).

Here, Appellant has not put forth any evidence to explain why Zoldan's deposition testimony contradicts his affidavit accompanying the summary judgment motion. Accordingly, we may disregard Zoldan's affidavit and conclude that Appellant has not raised a genuine dispute of material fact concerning whether he would have prevailed on his underlying fraud claim.

## IV.    CONCLUSION

For the foregoing reasons, the Court will affirm the District Court's order granting summary judgment in Appellees' favor and denying Appellant's Rule 44.1 motion.